OPINION
Defendant-appellant, Terry Lee Carter, appeals his conviction in the Clermont County Court of Common Pleas for felonious sexual penetration, disseminating obscene and harmful matter to juveniles, and three counts of gross sexual imposition. The judgment of the trial court is affirmed.
On March 10, 1999, appellant was indicted on six counts: felonious sexual penetration; disseminating obscene material to a juvenile; and four counts of gross sexual imposition. According to the evidence presented by the state, appellant was the stepfather of Desiree Gabbard. Desiree lived with her mother and appellant during the time the offenses occurred.
Desiree testified that one day, in the fall of 1994, when she was ten years old, appellant told her that he wanted to teach her about sexuality. He undressed her and placed his mouth on her nipple. He then undressed himself and instructed her to masturbate him. On another instance during the fall of 1994, he inserted a finger into her vagina. Later, in the winter of 1994-1995, appellant had Desiree sit on his lap while they watched a video depicting nude people engaged in sexual intercourse. After watching the video for forty-five minutes to an hour, appellant led Desiree to a bedroom where he undressed her and proceeded to insert a finger into her vagina. After each incident appellant admonished Desiree not to tell anyone what had happened.
Desiree did confide in a friend, who told Desiree's uncle. The uncle then told Rainie Carter, Desiree's mother. Rainie assured Desiree that she would take care of it, and that it would not happen again. However, in the spring of 1997, another incident occurred in which appellant wrestled Desiree to the ground, pulled down her pants, and placed an ice cube in her vaginal area.
Desiree later told a friend at school about the incidents. That friend told school authorities and the Clermont County Sheriff's Office and Clermont County Children Services were called to investigate. After a jury trial, appellant was convicted of five of the counts contained in the indictment and was found not guilty on one count of gross sexual imposition. Appellant appeals, raising three assignment of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
Under this assignment of error, appellant first argues that the trial court erred by denying his Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides in part that "[t]he court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). The motion tests the sufficiency of the state's evidence. State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported, at 3, citing Dayton v. Rogers (1979), 60 Ohio St.2d 162,163, overruled on other grounds by State v. Lazzaro (1996),76 Ohio St.3d 261. The trial court shall not order an entry of judgment of acquittal "where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Simpson (Dec. 2, 1996), Butler App. Nos. CA96-03-052, CA96-03-061, CA96-03-066, unreported, at 6, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261,263.
When reviewing a ruling on a Crim.R. 29(A) motion, an appellate court must evaluate the sufficiency of the evidence, construing the evidence in a light most favorable to the state. State v. Jenks (1991),61 Ohio St.3d 259, 273. The appellate court examines the evidence to determine whether the evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt. Jenks at 273.
Appellant contends that the state failed to present evidence relating to each of the counts on which he was convicted. Count one of the indictment charged appellant with felonious sexual penetration on or about 1995 in violation of R.C. 2907.12(A)(1)(b). R.C. 2907.12(A)(1)(b) states in pertinent part:
 No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age * * *.
Desiree testified that in late 1994, appellant, while purporting to teach her about sex, inserted his finger into her vagina. Desiree was ten years old at the time and not the spouse of appellant. This evidence, if believed, was sufficient for reasonable minds to conclude that all elements of the crime had been proved beyond a reasonable doubt.
Count two of the indictment charged appellant with gross sexual imposition during late 1994 to 1995 in violation of R.C. 2905.07(A)(4). Counts three and four charged appellant with gross sexual imposition on or about 1995 in violation of R.C. 2907.05(A)(4). R.C. 2905.07(A)(4) provides in pertinent part:
 No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when any of the following applies:
 (4) The other person, or one of the other persons, is less than thirteen years of age * * *.
R.C. 2907.01(B) defines sexual contact as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Desiree testified that in the fall of 1994, appellant undressed her and placed his mouth on her nipple, and that during the same incident appellant forced Desiree to masturbate him. Desiree testified to another incident in the winter of 1994-1995 in which appellant undressed her and inserted his finger in her vagina. Desiree testified that she was ten to eleven years old at the time of the incidents, and that she was not appellant's wife.
This evidence, if believed, is sufficient to support appellant's three convictions for gross sexual imposition. Contrary to appellant's assertion, multiple charges may arise out of a single incident comprised of multiple acts of sexual contact. State v. Threlkeld (Dec. 11, 1995), Madison App. No. CA95-06-020, unreported, at 5. Each distinct act constitutes a separate crime with a separate animus. State v. Nicholas
(1993), 66 Ohio St.3d 431, 435. Accordingly, the testimony regarding the incident in the fall of 1994 supports appellant's conviction on two counts of gross sexual imposition.
Appellant also contends that the state failed to establish the date of each offense as set forth in the indictment. Ordinarily, the state is given a certain amount of latitude in child sexual abuse cases and is not strictly held to proving that a crime occurred during a period set forth in the indictment. See State v. Barnecut (1986), 44 Ohio App.3d 149,151. This is so partly because the specific time and date of the offense are not elements of the offense. See State v. Sellards (1985),17 Ohio St.3d 169, 171. Given the state's leeway in establishing the date of a sexual offense against a child, we find the victim's testimony sufficiently showed that the offenses occurred during late 1994 and early 1995 as alleged in the indictments.
Defendant was found not guilty of the fifth count of the indictment. The sixth count of the indictment, as amended, charged appellant with disseminating material harmful to a minor in late 1994 to 1995 in violation of R.C. 2907.31(A)(2). R.C. 2907.31(A)(2) states in pertinent part:
 No person, with knowledge of its character or content, shall recklessly do any of the following:
* * *
 (2) Offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles.
Material is "harmful to juveniles if it is offensive to prevailing standards in the adult community with respect to what is suitable for juveniles, and * * * contains a display, description, or representation of sexual activity, sexual excitement, or nudity." R.C. 2907.01(E).
Appellant contends that he could not be convicted on this charge because the state failed to present the videotape to the jury. Appellant contends that the jury could not determine that the videotape was harmful or obscene without first viewing it. In support of this argument, appellant cites State v. Unger (1981), 67 Ohio St.2d 65. This case was presumably cited in error as it concerns the trial court's discretion to grant a second continuance in a criminal trial and is completely irrelevant to the present issue. Appellant cites no other authority in support of his argument.
In the present case, there was substantial and credible evidence corroborating the film's harmful contents. Desiree testified that during a snowy day in late 1994 or early 1995, appellant made her sit on his lap while they viewed a videotape depicting naked people having sex. Desiree testified that the videotape contained no talking. Appellant himself testified that the video "reflected the worst side of sex." After Rainie discovered that appellant had shown the video to Desiree, appellant did not merely dispose of the videotape, but burned it in his driveway. Rainie testified that the videotape was not appropriate for general viewing due to its "adult theme." Based on our review of the testimony, we find that there was sufficient evidence to establish the contents of the video. Accordingly, the trial court did not err by permitting the jury to make the factual determination whether the material was obscene or harmful to juveniles. Accord State v. Huntsman (Dec. 7, 1998), Stark App. No. 98-CA-0012, 1999 WL 4137, at *6; State v. Harris (May 23, 1986), Maumee App. No. L85-057, 1986 WL 5941, at *3.
We find that the state presented evidence which, if believed, is sufficient to support appellant's five convictions. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OF A PRIOR INVESTIGATION OF THE DEFENDANT.
During trial, a cassette recording of an interview of appellant by Investigator Doyle of the Clermont County Sheriff's Office was entered into evidence and played in its entirety for the jury. There was no objection to the admission of the tape. In the portion of the recording relevant to this assignment of error, appellant, in response to a question by Doyle, denied having ever been investigated by Children's Protective Services for other allegations of sexual misconduct. Upon examination by the prosecutor, appellant stated that everything he said on the tape was true. However, upon further examination, he admitted that he had been investigated by Children's Protective Services for "sexual aggression" alleged by Emily Green, a minor who lived with appellant and his family during 1994 and 1995.
The trial court allowed the questioning over appellant's objection, citing Evid.R. 608(B). Appellant contends that the trial court erred by allowing the testimony since it was prejudicial, and the trial court had already granted appellant's motion in limine to exclude certain witnesses who would have testified to alleged similar, uncharged acts by appellant.
Evid.R. 608(B) states:
 Specific instances of the conduct of a witness for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of a crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (10) concerning the witness's character for truthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
Under Evid.R. 608(B), a witness's credibility cannot be challenged with evidence of bad moral character. However, a witness may be impeached on cross-examination with questions about prior misconduct which relates directly to truthfulness. The decision to allow questioning about the misconduct of a witness under Evid.R. 608(B) is a matter that rests within the sound discretion of the trial court. State. V. Miller (Aug. 10, 1998), Madison App. No. CA97-10-050, unreported, at 5-6, citing Statev. Withers (1975), 44 Ohio St.2d 53, 55.
The audio recording of the investigator's interview with appellant was properly admitted into evidence. The prosecutor did not question appellant about the alleged "sexual aggression" but only about the truthfulness of his statements denying previous investigation. The prosecutor's questions regarding appellant's inconsistent statements relate directly to his character for truthfulness. As such, the questions were proper under Evid.R. 608(B), and we find no abuse of discretion by the trial court in allowing the questioning. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
In his last assignment of error, appellant contends that his trial counsel was ineffective by failing to move for a mistrial and by failing to object to irrelevant testimony elicited by the prosecutor.
To establish a claim of ineffective assistance of counsel, appellant must first demonstrate that trial counsel's performance was deficient, namely, that trial counsel's actions were outside the wide range of professionally competent assistance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; State v. Mills (1992), 62 Ohio St.3d 357,370. Second, appellant must show that he was prejudiced as a result of the deficiency. Id. at 689. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
There is a strong presumption that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142. Hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. Statev. Cook (1994), 65 Ohio St.3d 516, 524-525.
Appellant first contends that his trial counsel should have moved for a mistrial after the prosecutor elicited testimony from him about prior allegations of sexual misconduct. However, as stated in response to appellant's second assignment of error, this testimony was properly admitted. Had appellant's trial counsel moved for a mistrial based on the testimony, the outcome of the case would not have changed. In this respect we do not find that appellant's trial counsel was ineffective.
Appellant next contends that his trial counsel was ineffective by failing to object to irrelevant testimony elicited by the prosecutor. Appellant points to multiple instances in which he feels the testimony of Desiree Gabbard, Mary Werner, Maggie Elliot, and Rainie Carter was irrelevant.
The testimony delved into Desiree's family life during her early childhood. Some of the testimony to which appellant now objects was relevant as it explained Desiree's hesitation to come forward with her allegations. Other testimony tended to show the bias of Rainie Carter's testimony, which is permissible under Evid.R. 616(A). We do not find that appellant was prejudiced by any remaining irrelevant testimony.
Appellant has failed to demonstrate that there is a reasonable probability that, if not for his trial counsel's errors, the result of the trial would have been different. Accordingly, the third assignment of error is overruled.
 _____________________ WALSH, J.
YOUNG, P.J., and VALEN, J., concur.