THE STATE OF OHIO, APPELLEE, *v.* WITHERS, APPELLANT.

(No. 75-100—Decided November 19, 1975.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. William E. Breyer*, for appellee.

*Mr. Martin E. McMullen* and *Mr. H. Fred Hoefle*, for appellant.

*Per Curiam.* Appellant contends, in his first of four propositions of law, that ''he was effectively denied the assistance of counsel'' at the preliminary hearing, in violation of the Sixth Amendment to the Constitution of the United States

Based on the record before us, we agree with the courts below that nothing occurred at appellant's preliminary hearing which was prejudicial to his rights. See *State* v. *Childs* (1968), 14 Ohio St. 2d 56; *Chapman* v. *California* (1967), 386 U. S. 18; *Coleman* v. *Alabama* (1970), 399 U. S. 1.

In his second and third propositions of law, appellant

argues that the trial court committed prejudicial error by admitting in evidence the pocket knife found in appellant's possession, and by refusing to admit in evidence the transcript of the preliminary hearing.

In *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128, it is stated that, "the trial court has broad discretion in the admission and exclusion of evidence and unless it clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere."

After a review of the record, we find no abuse of discretion on the part of the trial court herein with respect to the admissibility of the evidence.

Lastly, appellant contends that his mandatory sentence to the reformatory by the trial court amounted to a denial of equal protection of the laws.

The record clearly shows that appellant was arrested January 19, 1973, indicted on March 9th, and sentenced July 3, 1973. During that entire period, armed robbery was a non-probationary offense.[2] Hence, appellant was treated no differently than other persons convicted of armed robbery at that time, with respect to eligibility for probation. Appellant's claim is, therefore, without merit.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

---

[2] From September 5, 1972, until its repeal, effective January 1, 1974, R. C. 2901.13 provided:

"No person, while armed with a pistol, knife, or other dangerous weapon, by force or violation, or by putting in fear, shall steal from the person of another anything of value.

"Whoever violates this section is guilty of armed robbery * * * and he shall not have the benefit of probation."