## George v. Kroger Co.
### [Cite as 8 AOA 117]

*Case No. 13-89-9*
*Seneca County, (3rd)*
*Decided December 13, 1990*

*Nancy D. Moody, Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Four SeaGate, 9th Floor, Toledo, Ohio 43604, for Appellants.*

*Janis L. Small, Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., 1301 E. Ninth Street, Suite 1400, Cleveland, Ohio 44114-1824, for Appellants.*

*Hans Scherner, Scherner & Hanson, 130 Northwoods Blvd., Columbus, Ohio 43235-4414, for Appellees.*

EVANS, J.

Plaintiff-Appellant, Joyce E. George, appeals from a judgment of the Court of Common Pleas of Seneca County entered pursuant to a jury verdict finding against her and for Defendant-Appellee, Dr. Phillip D. Latham, on her medical malpractice claim.

On December 3, 1984, Appellant, Joyce E. George, tripped over a crumpled floor mat while leaving the Kroger grocery store in Tiffin, Ohio. Appellant fell to her left knee and broke her left hip. Appellee, Dr. Latham, served as her attending physician.

On December 4, 1984, Appellee performed surgery on Appellant to place a pin in her broken hip. Subsequently, while in recovery, Appellant was instructed to immediately begin full weight bearing and ambulation on the repaired joint. By December 9, 1984, Appellant, complaining of severe pain, refused to stand on the leg. Follow up x-rays which were not taken until December 8, 1984, showed a separation in the hip. Despite this and Appellant's extreme discomfort in standing on the leg Appellee continued to order full weight bearing and ambulation.

On December 10, 1984, Appellant was diagnosed as having a broken *right* hip for which surgery was performed on December 11, 1984. X-rays taken on December 14, 1984, revealed that the right hip had moved into a disadvantageous position. Thus, on December 26, 1984, Appellant underwent surgery for the

third time, this time in order to completely replace her right hip. Thereafter, Appellant was admitted to intensive care due to the development of blood clots in her lungs. Finally, in the Spring of 1985, after completing extensive therapy Appellant was able to return home.

Due to the continuing pain in her left hip Appellant sought a second opinion from Dr. Lester Borden. In October of 1985, Dr. Borden performed surgery on Appellant to completely replace her left hip.

As a result of Appellee's allegedly inadequate care, on October 1, 1985, Appellant and her husband filed a complaint in the Court of Common Pleas of Seneca County. Appellant and her husband named as defendants the Kroger Co., alleging negligence, and Appellee, Dr. Phillip D. Latham, alleging medical malpractice and loss of consortium.

Appellee's answer, filed on November 19, 1985, demanded that the action be submitted to arbitration pursuant to R.C. 2711.21. The cause was heard by an arbitration panel on February 19, 1987, which found that Appellant "*** failed to prove that any professional negligence, by act or neglect of Phillip D. Latham, M.D., caused damages to the Plaintiffs [appellants] ***". On March 17, 1987, Appellant filed a "rejection of report and decision of the arbitration panel" and an amended complaint. On May 18, 1988, Appellant filed a motion in limine seeking exclusion of the arbitration panel's report from the evidence to be admitted at trial. By judgment of June 2, 1989, the trial court overruled Appellant's motion.

The cause proceeded to a jury trial on December 19, 1988. On December 23, 1988, having reached a settlement, the Kroger Co. was dismissed from the action. Accordingly, the cause was submitted to the jury as to Dr. Latham's liability only. On January 10, 1989, the trial court journalized the jury's verdict finding Appellee's professional conduct not to have been negligent.

It is from this judgment that Appellant appeals submitting five assignments of error as follows:

*"ASSIGNMENT OF ERROR I.*
THE COURT ERRED IN OVERRULING PLAINTIFFS' MOTION IN LIMINE TO PROHIBIT THE DEFENDANT FROM SUBMITTING TO THE JURY EVIDENCE OF THE ARBITRATION DECISION AND FURTHER ERRED IN ADMITTING EVIDENCE OF

THE ARBITRATION PROCEEDINGS IN THIS CASE TO THE JURY, OVER THE OBJECTION OF PLAINTIFFS.

*"ASSIGNMENT OF ERROR II.*
THE COURT ERRED IN ALLOWING THE WRITTEN OPINION OF THE ARBITRATORS IN THIS CASE TO BE SUBMITTED TO THE JURY OVER THE OBJECTION OF PLAINTIFFS.

*"ASSIGNMENT OF ERROR III.*
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS BY SETTING FORTH IN ITS CHARGE TO THE JURY, OVER PLAINTIFFS' OBJECTIONS, AN INSTRUCTION REGARDING ORDINARY NEGLIGENCE WHICH ESTABLISHED A STANDARD NOT APPLICABLE TO A SPECIALIST PHYSICIAN SUCH AS THE DEFENDANT, AND THEREBY FURTHER ESTABLISHED A MISLEADING CONTEXT FOR THE REMAINING INSTRUCTIONS.

*"ASSIGNMENT OF ERROR IV.*
THE COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS WHEN THE COURT (a) INSTRUCTED THE JURY THAT THE PLAINTIFFS MUST PROVE THAT THE NEGLIGENCE OF THE DEFENDANT WAS 'THE PROXIMATE CAUSE' OF PLAINTIFF'S INJURY; (b) REFUSED TO SUBSTITUTE THE PHRASE 'A PROXIMATE CAUSE' FOR THE PHASE 'THE PROXIMATE CAUSE'; AND, (c) REFUSED TO INCLUDE THE PHRASE 'MAY COMBINE WITH OTHER CAUSES, INCLUDING NATURAL CAUSES,' THEREBY PLACING ON THE PLAINTIFFS AN ERRONEOUS BURDEN OF PROVING THAT THE NEGLIGENCE OF THE DEFENDANT WAS THE SOLE PROXIMATE CAUSE OF PLAINTIFF'S INJURIES."

*"ASSIGNMENT OF ERROR V.*
THE COURT ERRED BY ALLOWING THE DEFENDANT TO MARK AND ENTER INTO EVIDENCE THE CURRICULUM VITAE OF GERALD SUTHERLAND, M.D., DEFENDANT'S EXPERT WITNESS, OVER THE OBJECTIONS OF PLAINTIFF."

R.C. 2711.21 provides generally for the nonbinding arbitration of medical malpractice claims. As relates to the evidentiary status of

the arbitration panel's report and decision where offered at trial, R.C. 2711.21(C), as initially adopted, effective July 28, 1975, provided that:

"(C) If the decision of the arbitration board is not accepted by all parties thereto, the pleadings shall be amended to aver both the fact that the controversy was submitted to an arbitration board and the decision of the arbitration board, and any dissenting opinion written by any board member, shall be admitted into evidence at trial upon the offer of any party, if the court conducts a review of the arbitration decision and any other relevant information submitted by the parties and concludes that:

"(1) The findings of fact by the arbitration board were not clearly erroneous;

"(2) The decision is in accordance with applicable law;

"(3) The procedures required for conducting the hearing and rendering the decision were followed fairly and properly without prejudice to either party."

However, as amended, effective October 20, 1987, R.C. 2711.21(C) presently provides that:

"(C) If the decision of the arbitration board is not accepted by all parties to the medical, dental, optometric, or chiropractic claim, the claim shall proceed as if it had not been submitted to nonbinding arbitration pursuant to this section. The decision of the arbitration board and any dissenting opinion written by any board members *are not* admissible into evidence at the trial. ***" (Emphasis added.)

Appellant contends that the basis of the statute's original provision on the evidentiary status of the arbitration panel's report was the alleged growing "medical malpractice crisis" in Ohio. See i.e., *Beatty v. Akron City Hospital* (1981), 67 Ohio St. 2d 483. However, Appellant argues that recent case law combined with the legislature's decision to amend the statute indicate that the "medical malpractice crisis" either no longer exists or perhaps never did exist. See i.e., *Plastic Surgery Associates, Inc. v. Ohio Dept. of Ins.* (1988), 40 Ohio St. 3d 401, (Douglas, J., concurring). Consequently, Appellant argues that, though the amended version of the statute is not applicable to this case, the trial court should have sustained her motion in limine and thereby precluded admission of the arbitration panel's report and decision at trial.

Appellant filed her complaint on October 1, 1985, in response to the allegedly less than adequate care she had received over the course of the preceding year. The amended version of R.C. 2711.21, which excludes an arbitration panel's report and decision from admission into evidence at trial, was not effective until October 20, 1987. At the time of this amendment the legislature clearly expressed its intention as to the retroactive application of this amendment in Am. Sub. H.B. No. 327, as follows:

"SECTION 3. The provisions of this Act shall apply only to civil actions that are commenced on or after the effective date of this act and that are based upon claims for relief that arise on or after that date, and only to conduct that occurs on or after that date."

It is therefore clear from the express mandate of the legislature in amending the initial version of the statute that R.C. 2711.21 is not entitled to retroactive application to claims arising before October 20, 1987.

Our adoption of Appellant's reasoning would result in the retroactive application of R.C. 2711.21. Whether accomplished directly or indirectly, given the clear mandate of the legislature in Am. Sub. H.B. No. 327, Section 3, this result would simply be improper.

Accordingly, Appellant's first assignment of error is not well taken and is overruled.

Appellant's second assignment of error contends, in the alternative, that even if this court finds the admission of the arbitration panel's decision proper, the trial court nonetheless committed error in allowing not only the decision but also the written opinion of the arbitration panel to be admitted into evidence.

In support, Appellant directs our attention to the specific language of R.C. 2711.21(C) which provides, in pertinent part, that:

"*** The *decision* of the arbitration board, and any *dissenting opinion* written by any board member, shall be admitted into evidence at trial upon the offer of any party, *** ." (Emphasis added.)

Appellant argues that the trial court's admission of the panel's written opinion circumvented the mandate of R.C. 2711.21(C) because only the admission of the decision and any dissenting opinion is expressly permitted, not the majority opinion. Additionally, Appellant directs our attention to *Nickey v. Brown* (1982), 7 Ohio App. 3d 32. Therein, the trial court refused to permit a plaintiff, who had won a decision from an arbitration panel and intro-

duced the panel's decision into evidence, to call one of the arbitrators on direct examination as part of his case-in-chief. As authority the trial court cited R.C. 2711.21(D) which permits the "non-offering party" (of the panel's decision) to call an arbitrator as a witness on *cross-examination*. Appellant attempts to parallel that court's decision to the facts herein. Appellant argues, first, that the clear language of R.C. 2711.21(D) prohibits appellee from introducing the panels' written opinion into evidence and, second, that in allowing appellee to introduce the written opinion into evidence the trial court in effect permitted appellee, the offering party, to use the testimony of an arbitrator, as set forth in the arbitration opinion, in his case-in-chief which the court in *Nickey, supra,* disallowed. The only difference being that the testimony here is in written rather than oral form.

Appellant's first argument fails because it is too strict in its definition of the word decision. We find the following in Black's Law Dictionary (6th Ed. Centennial Ed. 1990) 407:

"'Decision' is not necessarily synonymous with 'opinion'. A decision of the court is its judgment; the opinion is the reasons given for that judgment, or the expression of the views of the judge. But the two words are sometimes used interchangeably."

We hold that the word decision as it is used in R.C. 2711.21(C) was intended by the legislature to include the reasoning of the panel of arbitrators as well as their conclusion on the right of the plaintiff to recover damages. We can think of no justification for giving a jury the complete reasoning of a dissenting arbitrator while withholding the reasoning of the majority of the arbitrators. Therefore the legislature has used the word decision and opinion interchangeably.

Second, we find the case at bar and *Nickey, supra,* to be clearly distinguishable. The arbitrators were not called as witnesses in this case. The admission of the majority opinion as well as any dissenting opinion does not violate any provision of R.C. 2711.21. Accordingly, Appellant's second assignment of error is not well taken and is overruled.

Appellant's third assignment of error challenges the trial court's jury instructions. Both parties conceded that Appellee is a specialist and that the proper standard of care for a specialist was established by the Supreme Court of Ohio in *Bruni v. Tatsumi* (1976), 46 Ohio St. 2d 127, paragraph two of the syllabus, as follows:

"The standard of care for a physician or surgeon in the practice of a board-certified medical or surgical specialty should be that of a reasonable specialist practicing medicine or surgery in that same specialty in the light of present day scientific knowledge in that specialty field; therefore, geographical considerations or circumstances control neither the standard of the specialist's care nor the competence of the testimony of an expert in that specialty."

However, Appellant challenges the trial court's instruction on the standard for ordinary negligence, given as follows:

"What is negligence? Negligence is failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person or another's property. Ordinary care is the care that a reasonably prudent person would use under the same or similar circumstances."

Appellant argues that this ordinary negligence instruction was misleading and contradictory in that it had absolutely no relevance to this case, where the conduct of a specialist was at issue.

In *Teman v. Joseph* (Dec. 29, 1989), Van Wert App. No. 15-86-23, unreported, we found that:

"In order for a reviewing court to reverse the judgment of the court based on an error in the jury instructions it must be demonstrated, first, that the instruction was erroneous and, secondly, that such error was prejudicial."

In making this determination, the instruction challenged may not be viewed alone but rather must be considered in the context of the entire charge to the jury. See *State v. Price* (1979), 60 Ohio St. 2d 136.

The model instructions found at 3 Ohio Jury Instructions (1990), Section 331.01 at 183, direct a trial court in a medical malpractice case to instruct the jury as to the definition of negligence and the standard of ordinary care in its opening remarks. We find this Practice to be beneficial to the trier of fact in understanding the heightened standard of care for a specialist. As stated by Appellee "*** the 'standard of care' with respect to a specialist is nothing more than a mere extension of the general concept of ordinary care" which has evolved to address the technical nature of medicine. The introductory use of this standard accurately places the subsequent instruction on the standard of care for specialists in the proper context

for a jury to apply with the bite intended in its adoption.

In sum, upon review of the trial court's entire charge to the jury, we conclude that the introductory instruction as to the ordinary standard of care was not erroneous. Accordingly, Appellant's third assignment of error is not well taken and is overruled.

Appellant's fourth assignment of error challenges the trial court's jury instructions on the issue of causation. More specifically, Appellant points to the following passage as being objectionable:

"You are the sole judges of the factual issues in this case, and your verdict must be based on all the evidence. If you find that the defendant was negligent, then you will proceed to decide by the greater weight of the evidence whether such negligence was *the* proximate cause of plaintiff's injuries; and if so, what is the extent of his or her damages? Plaintiff must prove the nature and extent of the injuries and that defendant caused them." (Emphasis added.)

Appellant objects to two points of this instruction. First, the trial court's use of "the" instead of "a" proximate cause and, second, the trial court's exclusion of the phrase "may have combined with other causes, including natural causes as it pertains to proximate cause. Appellant argues that these errors imposed upon her a more stringent burden of proof than that required by law, that being to prove that Appellee's negligence was the sole proximate cause of her injuries rather than a proximate cause. In support Appellant points to portions of the trial where potentially contributing causes were raised, for example, a pre-existing condition, or Kroger's negligence which, while settled during trial, was nonetheless presented in opening statements to the jury.

Appellee counters that, first, Appellant's contentions are not supported by the record and, second, the error was cured by later instructions. The later instruction read as follows:

"A party who seeks to recover for damage must prove not only that the other party was negligent, but also that such negligence was a proximate cause of damage. *** " (Emphasis added.)

Our review of the jury instructions as a whole discloses the use of "a" and "the" interchangeably throughout. The distinction which Appellant draws may or may not constitute error depending upon the facts of each case. In application to the case *sub judice* we conclude

that the use of "a" and "the" interchangeably as well as omission of the phrase "may have combined with other causes, including natural causes did not constitute error. It is evident from the parties' closing arguments that Appellee argued that Appellant's injury was the result of a pre-existing condition rather than his negligence. Conversely, Appellant did not argue that the Appellee's alleged negligence was a contributing factor along with her pre-existing condition in causing her injury. Rather, Appellant attributed her injury solely to Appellee's alleged negligence. Accordingly, this instruction, while not ideal, was nonetheless consistent with the case as presented to the jury by the parties.

Accordingly, Appellant's fourth assignment of error is not well taken and is overruled.

Appellant's fifth and final assignment of error contends that the trial court erred in admitting the curriculum vitae of defendant's expert witness, Gerald Sutherland, M.D. Appellant argues that the admission of the curriculum vitae of Dr. Sutherland precluded the jury's right and responsibility to weigh the credibility of the witnesses, including expert witnesses. Appellant argues that inherent in the responsibility to weigh the credibility of an expert witness is the need for the jury to hear the credentials of the witness as presented during trial. Through this testimony the jury is better able to assess the expert's credentials as presented on his curriculum vitae. Further, the opposing party may then cross examine to expose any weaknesses in the expert's curriculum vitae.

In the case at bar however, the curriculum vitae was admitted into evidence and thus precluded the jury from making judgments as to the credibility of the expert based his testimony. Appellant argues that the introduction of this evidence was in violation of Evid. R. 401 which prohibits the inclusion of otherwise relevant evidence which is prejudicial, confusing, or creates needless delay.

Appellee directs our attention to *Reif v. G & J Pepsi-Cola Bottlers, Inc.* (February 15, 1988), Warren App. No. CA 87-05-041, unreported, wherein the court found that it was not erroneous for the trial court to admit the curriculum vitae of an expert witness. Therein the court found that the admission or exclusion of evidentiary matter is a matter for the discretion of the trial court and will not be overturned on

review absent an abuse of that discretion. See also, *State v. Withers* (1975), 44 Ohio St. 2d 53.

In application to the case *sub judice,* the record discloses no abuse of discretion on the part of the trial court in admitting the curriculum vitae of Dr. Sutherland into evidence.

Accordingly, Appellant's fifth and final assignment of error is not well taken and is overruled.

Having found no error prejudicial to Appellant, in the particulars assigned and argued herein, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and MILLER, J., concur.