The STATE of Ohio, Appellee,

v.

ZAMORSKI, Appellant.

[Cite as *State v. Zamorski* (2000), 141 Ohio App.3d 521.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000138.

Decided Nov. 24, 2000.

522

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Anita P. Berding,* Assistant Prosecuting Attorney, for appellee.

*James R. Schimanski,* for appellant.

PAINTER, Judge.

Defendant-appellant Jane M. Zamorski was involved in a head-on collision with another car when Zamorski's car admittedly swerved left of the centerline. She was later charged and found guilty by a jury of operating her car under the influence of alcohol. Zamorski raises two assignments of error in her appeal of the conviction entered upon the jury's verdict.

We agree that the trial court abused its discretion to Zamorski's material prejudice by allowing an officer to testify about a temporary visual display appearing on an intoxilyzer during an invalid breath-alcohol test. We reverse and remand for further proceedings consistent with this decision. Based on our disposition of the first assignment of error, Zamorski's second assignment, which alleges ineffective assistance of counsel, is moot.

At Zamorski's trial, the state introduced testimony that Zamorski smelled of alcohol and may have been acting erratically immediately after the accident. Additionally, the investigating officer testified that when he arrived at the accident scene, Zamorski's eyes appeared bloodshot and watery. The officer testified that he conducted six standard field-sobriety tests at the scene of the accident, and that Zamorski failed five of the six tests. Based on his initial

observations and Zamorski's performance during the field-sobriety tests, the officer arrested Zamorski and transported her to the police station for an intoxilyzer test.

At the station, the officer attempted to obtain a breath sample from Zamorski so that an intoxilyzer machine could provide an analysis of Zamorski's breath-alcohol content. Because the officer discovered that Zamorski had a mint in her mouth, he was required to wait thirty minutes before conducting the test. When the officer finally attempted the test, the printed result first read "Invalid Test," and the second line read "Invalid Sample." The officer attributed the invalid sample to Zamorski's failure to blow hard enough into the machine. By this time, the test was outside the two-hour limit prescribed for such tests by statute,[1] and the officer simply recorded that Zamorski had refused to participate in the intoxilyzer test.

By contrast, Zamorski's trial counsel introduced testimony from Zamorski's doctor regarding her history of migraine headaches and her diagnosis with "Adies Tonic Pupil," in which one pupil is larger than the other. The doctor testified that Zamorski began treatment in 1996 and that, generally, migraine headaches could manifest in such a way as to explain how Zamorski lost control of her car. Other testimony accounted for Zamorski's whereabouts on the evening in question and indicated that Zamorski did not appear impaired approximately thirty minutes before the accident. Also, Zamorski suffered a broken nose and a concussion in the accident, potentially accounting for her poor performance during the field-sobriety tests.

Zamorski directly testified regarding her consumption of alcohol before the accident. She testified that she had erroneously received a mixed drink earlier in the evening but had returned it when she discovered that it contained alcohol. The state cross-examined Zamorski on this aspect of her testimony. The record indicates that while Zamorski never specifically testified that she drank any part of this particular drink, she also never directly denied that she drank any alcohol.

After the defense rested, the state moved to introduce testimony regarding the officer's observation of the intoxilyzer's visual display of breath-alcohol content during the invalid test. The state claimed that Zamorski had testified that she had not consumed any alcohol that night, and that the desired testimony of the officer would impeach her. Zamorski's trial counsel objected.

Ultimately, the trial court ruled that the defense would be allowed to reopen its case and clarify through Zamorski's testimony that she had indeed tasted the alcoholic drink before she returned it. Despite trial counsel's strenuous objec-

---

1. R.C. 4511.19(D)(1).

tions, the trial court also allowed the officer to testify about the visual display appearing on the intoxilyzer during the invalid test. The officer testified that he saw a reading of ".141" displayed on the machine, well over the prohibited level of .10 that the state incidentally mentioned in its earlier voir dire of prospective jurors. Zamorski claims that the trial court abused its discretion in admitting the officer's testimony. We agree.

Evid.R. 401 defines "relevant evidence" as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." According to Evid.R. 402, "[e]vidence which is not relevant is not admissible." It is settled in Ohio that a trial court has broad discretion in applying the rules of evidence to determine whether evidence is relevant and therefore generally admissible.[2] A trial court's decision as to the admissibility of relevant evidence should not be disturbed on review unless the trial court has abused that broad discretion and the party affected by the abuse has consequently suffered material prejudice.[3] We hold that both prongs of that test are satisfied here.

## I. Invalid Means Invalid

■ An abuse of discretion has occurred if a trial court's decision is unreasonable, arbitrary, or unconscionable.[4] A decision is unreasonable if it is unsupported by a sound reasoning process.[5]

■ There is no evidence in the record before us, and we find no case law, to support in any way the contention that a visual display appearing during an invalid intoxilyzer test is at all relevant. We also find nothing to suggest that a visual display, occurring during an invalid test, may even be relevant for the limited purpose of proving that a person has consumed some quantity of alcohol at some point in the recent past. An invalid test, without some explanation to the contrary, is, by the plain meaning of the word "invalid," simply without basis in

**2.** See *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291, 1298–1299, citing *State v. Withers* (1975), 44 Ohio St.2d 53, 55, 73 O.O.2d 280, 281, 337 N.E.2d 780, 781; *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130; *Brokamp v. Mercy Hosp. Anderson* (1999), 132 Ohio App.3d 850, 862–863, 726 N.E.2d 594, 603.

**3.** See *Krischbaum v. Dillon, supra; State v. Hymore, supra; Brokamp v. Mercy Hosp. Anderson, supra.*

**4.** See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142.

**5.** *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601; *State v. Echols* (1998), 128 Ohio App.3d 677, 700, 716 N.E.2d 728, 744.

fact.[6]  Evidence without a basis in fact is irrelevant.  Without a detailed explanation and justification for how a visual display during an invalid test is relevant, which would necessarily involve expert testimony, any reference to that visual display is irrelevant, and therefore inadmissible.[7]  We can discern no sound reasoning process from the record before us to support the admission of the officer's testimony.

■  We note, however, that even if the state were to have provided expert testimony that a visual display during an invalid test was relevant for a limited purpose, there are other issues for consideration.  First, the invalid test was attempted beyond the two-hour time limit imposed by R.C. 4511.19(D)(1).  The results of valid tests performed outside the two-hour limit may be admissible, when introduced with expert testimony explaining how the reading relates back to the time of the driving.[8]  It would, however, be a novel extension of existing law to admit the visual display of an invalid test attempted beyond the two-hour limit.[9]  We decline to extend the law.

In any event, no expert testimony established either (1) the meaning of a visual readout from an invalid test, or (2) the possible relationship between the time of driving and an invalid test taken after two hours.

Additionally, Evid.R. 403(A) states that even relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."  The danger of unfair prejudice to the defendant is the reason that expert testimony is required to explain the significance of a valid breath-alcohol test result below the prohibited level of .10.[10]  In cases involving a charge of driving under the influence, the concern is that "prejudice could result from a jury giving too much weight to the test result itself rather than focusing on the critical issue of the defendant's

---

6.  See Black's Law Dictionary (7 Ed.1999) 829.

7.  See *Gallipolis v. Russell* (Nov. 27, 1998), Gallia App. No. 98CA4, unreported, 1998 WL 833612; *State v. Davies* (Aug. 23, 1993), Warren App. No. CA92–09–079, unreported, 1993 WL 319638.

8.  See *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, paragraph two of the syllabus; *State v. Gass* (June 25, 1997), Hamilton App. No. C–961062, unreported, 1997 WL 346109.

9.  See *State v. Bevins* (Dec. 29, 1995), Jackson App. No. 94CA750, unreported, 1995 WL 763833 (test must comply with all other pertinent rules and regulations), citing *State v. Klein* (July 15, 1985), Stark App No. CA–6617, unreported, 1985 WL 8272.

10.  See *State v. French* (1995), 72 Ohio St.3d 446, 452, 650 N.E.2d 887, 892; *State v. Lind* (June 1, 1994), Hamilton App. No. C–930499, unreported, 1994 WL 235313.

conduct."[11] There is an even greater danger of unfair prejudice when the purported visual display is a number exceeding the prohibited breath-alcohol level; the display of the number occurs temporarily during an invalid test; and the invalid test is administered outside the statutory two-hour limit.

We hold today only that the trial court erred by admitting irrelevant evidence.

## II. Prejudicial Error

■ Our analysis does not end with a holding that the trial court erred in admitting irrelevant testimony. To reverse the trial court's decision, we must also hold that Zamorski suffered material prejudice as a result of the error.[12] We hold, on the facts of this case, that Zamorski did suffer material prejudice as a direct result of the trial court's error.

Prejudicial error is an error that affects the outcome of a case.[13] Where a particular record contains other overwhelming evidence of a defendant's guilt, we have previously held that an error in the admission of evidence is not prejudicial.[14] But, in this case, there is no overwhelming evidence of Zamorski's guilt in the record before us. The state presented evidence that Zamorski may have been under the influence of alcohol at the time of the accident. But the defense presented credible evidence to the contrary. We hold that the erroneously admitted evidence, testimony concerning the temporary display of a prohibited breath-alcohol level during an invalid test, could well have upset the balance and affected the outcome in an otherwise close case.

We distinguish the circumstances in *State v. Lind* from those in the case before us. In *Lind,* the defendant had admitted to consuming alcohol and had stated his belief that he was under the influence of alcohol. We determined that the admissions, when combined with the testimony of the arresting officer, constituted overwhelming evidence of the defendant's guilt. Based on that determination, admission of a valid breath-alcohol test result of .097, without expert testimony to explain the significance of the result, was erroneous, but not prejudicial. In the present case, there is no corresponding overwhelming evidence of Zamorski's guilt.

Zamorski's first assignment of error is well taken.

---

11. See *State v. French, supra.*

12. See *Krischbaum v. Dillon, supra; State v. Hymore, supra; Brokamp v. Mercy Hospital Anderson, supra.*

13. Black's Law Dictionary (7 Ed.1999) 563.

14. See *State v. Lind* (June 1, 1994), Hamilton App. No. C–930499, unreported.

### III. Ineffective Assistance of Counsel

Because of our disposition of Zamorski's first assignment of error, we do not reach her second assignment of error in which she claims that she was ineffectively assisted by counsel.

Due to the error in admitting irrelevant evidence that was prejudicial to Zamorski, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., and WINKLER, J., concur.