DECISION.
Defendant-appellant, Ahmed Issa, was convicted of the aggravated murder of Maher Kriss and was sentenced to death. The record shows that Andre Miles shot and killed the victim and his brother, Ziad Khriss, using a rare imported, high-powered assault rifle that he had obtained from Issa. The slayings occurred in the parking lot of the Save Way convenience store owned by Maher and his wife, Linda Khriss. Issa, who, like the members of the Khriss family, came from Jordan, worked for Maher and Linda Khriss in the store. According to the state, Linda Khriss had involved Issa in a plot to kill her husband, and Issa had hired Miles to actually commit the murder. However, Linda Khriss was acquitted of murder charges after a jury trial. Miles was convicted of the killings and received a life sentence without parole.
On direct appeal, the Ohio Supreme Court affirmed Issa's conviction and sentence. See State v. Issa (2001), 93 Ohio St.3d 49, 752 N.E.2d 904. Before the supreme court released its decision, Issa filed a petition for postconviction relief, in which he set forth twenty-three grounds for relief. The trial court denied the petition without a hearing, and Issa now appeals that judgment.
Issa presents two assignments of error for review, which we address out of order. In his second assignment of error, he contends that the trial court erred in adopting the state's proposed findings of fact and conclusions of law. He argues that the trial court abrogated its responsibility under R.C. 2953.21(C) to make its own findings of fact and conclusions of law and violated local rules of court that required the court to request findings of fact and conclusions of law from the parties. This court has rejected these types of arguments on numerous occasions, holding that the trial court's adoption of the state's findings of fact and conclusions of law does not constitute error in the absence of demonstrated prejudice. State v. Powell (1993),90 Ohio App.3d 260, 263, 629 N.E.2d 13, 15; State v. Jones (Dec. 29, 2000), Hamilton App. C-990813, unreported. Issa has failed to demonstrate any prejudice, and we, therefore, overrule his second assignment of error.
In his first assignment of error, Issa contends that the trial court erred in granting the state's motion to dismiss his petition for postconviction relief. He first argues that, in reality, the trial court granted summary judgment to the state, which was improper because the state failed to present any evidentiary material supporting its motion, as required by Civ.R. 56, and because genuine issues of material fact existed for trial. We find no merit in this argument.
This court has held that although a postconviction proceeding is civil in nature, the specific requirements of R.C. 2953.21 take precedence when they conflict with the Ohio Rules of Civil Procedure. The statute allows the trial court to dismiss a petition summarily, with or without further submissions from either party, when the petition and the record of the case show that the petitioner is not entitled to relief. State v. Fears
(Nov. 12, 1999), Hamilton App. No. C-990050, unreported; State v. Moore
(Sept. 18, 1998), Hamilton App. No. C-970353, unreported. Accordingly, the trial court did not err in failing to engage in a summary-judgment analysis.
Under this assignment of error, Issa also argues that the trial court erred in dismissing his postconviction claims on the basis of resjudicata and on his failure to demonstrate prejudice. We find no merit in these arguments.
To prevail on a postconviction claim, the petitioner must demonstrate "a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable" under the United States or Ohio Constitution. Jones, supra; State v. Campbell
(Jan. 8, 1997), Hamilton App. C-950746, unreported. A postconviction claim may be dismissed without a hearing when the petitioner fails to submit with the petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. Fears,supra; Campbell, supra.
A postconviction claim may be barred by res judicata if it was or could have been raised on direct appeal. State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. To overcome the bar of res judicata, the petitioner must present cogent evidence outside the record to support the claim. The evidence must be competent, relevant and material to the claim. It must be more than marginally sufficient and must advance the claim "beyond mere hypothesis and a desire for further discovery." Fears, supra; State v. Coleman
(Mar. 17, 1993), Hamilton App. No. C-900811, unreported. Thus, the evidence must not be cumulative of or alternative to evidence presented at trial. State v. Combs (1995), 100 Ohio App.3d 90, 98, 652 N.E.2d 205,210; Jones, supra. It must be more than evidence that was in existence and available to the petitioner at the time of trial and that could and should have been submitted at the trial. Jones, supra; Coleman, supra.
If the outside evidence supporting the petition consists of affidavits, the trial court must give due deference to the affidavits, but may, in the sound exercise of its discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact. State v. Calhoun (1999), 86 Ohio St.3d 279,714 N.E.2d 905, paragraph one of the syllabus. In assessing the credibility of the affidavits, it should consider all relevant factors. These factors include whether the judge reviewing the postconviction petition is the same judge who presided over the trial, whether the affidavits contain identical language or appear to have been drafted by the same person, whether the affidavits contain or rely on hearsay, whether the affiants are relatives of the petitioner or interested in the petitioner's success, and whether the affidavits contradict other evidence proffered by the defense or are inconsistent with or contradicted by the affiant's trial testimony. Id. at 284-285, 714 N.E.2d at 911-912; Fears,supra.
A large number of Issa's claims for relief asserted ineffective assistance of counsel. Where a petition for postconviction relief alleges ineffective assistance of counsel, the petitioner bears the burden to submit evidentiary documents containing sufficient operative facts to demonstrate that trial counsel substantially violated at least one of counsel's essential duties to the client and that the violation prejudiced the defense. State v. Cole (1982), 2 Ohio St.3d 112, 114,443 N.E.2d 169, 171; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus. To show prejudice for a failure to present mitigation evidence, the petitioner must show a reasonable probability that the evidence would have swayed the jury to impose a life sentence.State v. Coleman (1999), 85 Ohio St.3d 129, 139, 707 N.E.2d 476, 486;Fears, supra. Broad assertions without a further demonstration of prejudice and general conclusory allegations are inadequate as a matter of law to require an evidentiary hearing. Jackson, supra, at 111,413 N.E.2d at 822.
With these principles of law in mind, we review the claims for relief presented in Issa's petition. In his first and second claims for relief, he contended that the administration of the death penalty by electrocution or lethal injection was unconstitutional. The Ohio Supreme Court has repeatedly rejected this argument. State v. Carter (2000),89 Ohio St.3d 593, 608, 734 N.E.2d 345, 358; State v. Ashworth (1999),85 Ohio St.3d 56, 71, 706 N.E.2d 1231, 1242-1243; Fears, supra. Consequently, Issa failed to demonstrate a denial of his rights that rendered his conviction and sentence void or voidable in these claims for relief.
In his third and fourth claims for relief, Issa contended that his trial counsel was ineffective for failing to thoroughly investigate his background and to present evidence in the mitigation phase. He also contends that his counsel inadequately prepared the witnesses who did testify, his mother and brother, who were not told that they would have to testify to save Issa's life. In his eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth claims for relief, Issa contended that his counsel was ineffective for failing to present the testimony of his wife, ex-wife, various family members and friends. The claims were supported by the affidavits of these individuals, who stated that they would have testified on Issa's behalf but that no one from his defense team contacted them.
We first note that these claims were also supported by the affidavit of Issa's counsel, which contained statements by a juror from Issa's trial. This affidavit was not competent evidence, as it was barred by thealiunde rule set forth in Evid.R. 606(B). See State v. Schiebel (1990),55 Ohio St.3d 71, 75, 564 N.E.2d 54, 61; Jones, supra; State v. Doan
(Sept. 29, 1995), Hamilton App. No. C-940330, unreported. Therefore, the trial court could not have properly considered it.
As to the merits of these claims, the decision of what mitigating evidence to present during the penalty phase of a capital trial is generally a matter of trial strategy. State v. Keith (1997),79 Ohio St.3d 514, 530, 684 N.E.2d 47, 63; State v. Hill (June 19, 1998), Hamilton App. No. C-970650, unreported. Further, as a general rule, ineffective assistance of counsel during the mitigation phase can be raised on direct appeal. Combs, supra, at 102, 652 N.E.2d at 212. To that extent, the issue would be res judicata. Perry, supra, at paragraph nine of the syllabus.
Further, at trial, Issa's counsel presented a coherent mitigation defense. Testimony from his mother and brother described his childhood, the family's hardship due to Issa's father's absence from the family most of the year because of his employment, Issa's achievements in school, his devotion to his family and his financial assistance to them. Issa's mother and brother both testified that they loved him, that he was a good person, that they could not believe he would commit such a crime, and that they wanted his life to be spared. In sum, counsel's strategy appeared to be to humanize Issa before the jury and to paint him as a productive citizen who had led a law-abiding life, but for one mistake.
This is not a situation where counsel failed to present any mitigation at all or to engage in any meaningful preparation. See State v. Post
(1987), 32 Ohio St.3d 380, 388-389, 513 N.E.2d 754, 762-763, modified on other grounds in State v. McDermott (1995), 72 Ohio St.3d 570,651 N.E.2d 985; State v. Johnson (1986), 24 Ohio St.3d 87, 88-92,494 N.E.2d 1061, 1063-1065. The testimony of Issa's family and friends as described in their affidavits would have provided nothing more than cumulative or alternative mitigation, which was insufficient to show ineffective assistance of counsel and did not justify postconviction relief. See Combs, supra, at 103, 652 N.E.2d at 213; Fears, supra.
In his fifth and sixth claims for relief, Issa contended that his counsel was ineffective in the guilt phase of the trial for failing to call Linda Khriss as a witness for the defense. The decision whether to call a witness is generally a matter of trial strategy, and, absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel. State v. Williams (1991), 74 Ohio App.3d 686,695, 600 N.E.2d 298, 304. Part of Linda Khriss's testimony could have been helpful to Issa's defense and part could have been damaging. Issa did not demonstrate that his counsel's failure to call Linda Khriss as a witness was not sound trial strategy or that he was prejudiced by the failure to call her as a witness. Consequently, he failed to demonstrate ineffective assistance of counsel. See State v. Thompson (1987),33 Ohio St.3d 1, 10, 514 N.E.2d 407, 417, limited on other grounds inState v. DePew (1988), 38 Ohio St.3d 275, 528 N.E.2d 542; Jackson,supra, at 111, 413 N.E.2d at 822; Fears, supra.
He also argues that, to fully present these claims, he should have been granted discovery. This court has repeatedly held that Ohio's postconviction statutes do not contemplate discovery in the initial stages of the proceedings. State v. Bies (June 30, 1999), Hamilton App. No. C-980688, unreported; Campbell, supra.
In his seventh claim for relief, Issa contended that his counsel was ineffective in the mitigation phase by failing to present testimony from an expert in "Arab/American cultural issues relevant to Mr. Issa's experience as a Jordanian national living in the United States[.]" A postconviction claim does not show ineffective assistance of counsel merely because it presents a new expert opinion that is different from the theory used at trial. This claim involved nothing more than an alternative mitigation theory and did not provide substantive grounds for postconviction relief. Combs, supra, at 103, 652 N.E.2d at 213; Fears,supra.
We have already ruled on Issa's eighth through fifteenth claims for relief. In his sixteenth claim for relief, he contended that his counsel was ineffective for failing to present evidence of Issa's behavior while incarcerated in the Hamilton County Justice Center before trial. However, he failed to present evidence outside the record to support this claim, and it must, therefore, fail. Combs, supra, at 99, 652 N.E.2d 210;Jones, supra. Further, it was merely cumulative of or alternative to the mitigation evidence submitted at trial, and the failure to present it did not constitute ineffective assistance of counsel. Combs, supra, at 90,652 N.E.2d at 213; Fears, supra.
In his seventeenth claim for relief, Issa contended that his counsel was ineffective in all phases of the trial for failing to adequately investigate and present evidence regarding family retribution. He presented evidence outside the record showing that in Arab cultures often the victim's family would seek retribution from the accused's family. Consequently, Issa's family feared retribution from Maher Khriss's relatives who lived in Jordan. They reached an agreement in which the Khriss family would not seek retribution against Issa's family if Issa was acquitted or if he was executed. The defense's mitigation specialist stated that he was unaware of this agreement until shortly before trial.
Issa failed to demonstrate prejudice from the failure to present this evidence. It would not have been admissible in the guilt phase, as it was irrelevant to the issue of whether Issa participated in a plot to kill Maher Khriss. See Evid.R. 401; State v. Zamorski (2000),141 Ohio App.3d 521, 524, 752 N.E.2d 288, 290. As to the mitigation phase, not one family member stated in their affidavits that they would not have testified on Issa's behalf because of the fear of retribution. To the contrary, they all stated that if defense counsel had asked them, they would have testified. Consequently, Issa failed to meet his burden to show ineffective assistance of counsel. See Jackson, supra, at 111,413 N.E.2d at 822.
In his eighteenth claim for relief, Issa contended that the jury instructions in the penalty phase misled the jury, relying on the affidavit of a linguistics professor. This issue could have been raised on direct appeal, and it is therefore, res judicata. Perry, supra, at paragraph nine of the syllabus. Further, this court rejected a nearly identical claim in Bies, supra.
In his nineteenth claim for relief, Issa contended that his conviction was void or voidable because his inability to understand spoken English prevented him from communicating with his lawyer or understanding the proceedings. Issa raised this issue on direct appeal. See Issa, supra, at 67-68, 752 N.E.2d at 924-925. It is, therefore, res judicata. Perry,supra, at paragraph nine of the syllabus.
In his twentieth claim for relief, Issa contended that trial counsel was ineffective for failing to adequately delve into the jury's biases and prejudices about Arabs and Muslims, and for failing to present testimony to counter those biases. He acknowledged that the empanelled jurors all stated that they could follow the law. He maintained, however, that they had hidden biases that went undiscovered. The record demonstrates, however, that counsel did question potential jurors about potential biases against people of Issa's nationality. Issa did not demonstrate that a cultural expert would have done a better job than trial counsel at weeding out jurors with potential biases toward Issa. Further, he did not demonstrate that any particular juror was biased against him because of his nationality. Generalized assertions in an affidavit that American jurors in general have biases against Arabs are insufficient to demonstrate prejudice. Consequently, Issa failed to demonstrate ineffective assistance of counsel in this respect.
In his twenty-first claim for relief, Issa raised a constitutional challenge to the way in which Hamilton County selected the forepersons of grand juries that returned capital indictments. He contended that the process was biased and caused the under-representation of minorities. In his twenty-second claim for relief, he contended that Hamilton County prosecuted too many capital cases, which resulted in the arbitrary and capricious imposition of the death penalty. Neither of these arguments involved matters outside the record, and they could have been raised on direct appeal. In fact, Issa did raise the issue involving grand-jury forepersons on direct appeal. The Ohio Supreme Court rejected that argument, stating that Issa had failed to raise the issue in the trial court, and that the record contained no evidence showing how the foreperson was selected or suggesting that the method was biased. Issa,supra, at 62, 752 N.E.2d at 920. Nevertheless, the statistical evidence Issa provided in support of his postconviction claim existed at the time of trial and could have been presented to the trial court. We, hold, therefore, that these issues are res judicata. See Perry, supra, at paragraph nine of the syllabus.
In his twenty-third claim for relief, Issa contended that counsel was ineffective for failing to present the testimony of two inmates who were Miles's cellmates. They stated in their affidavits that they would have testified that Miles had told them that he had implicated Issa in the murder plot as revenge for an earlier disagreement. The decision whether to call a witness involves trial strategy, and, absent prejudice, the failure to call a witness does not constitute ineffective assistance of counsel. Williams, supra, at 695, 600 N.E.2d at 300. In this case, counsel presented the testimony of another witness who testified to the same facts. The presentation of additional witnesses on the issue would have been cumulative, and Issa did not demonstrate that the failure to call these witnesses prejudiced the defense. Accordingly, he failed to demonstrate ineffective assistance of counsel. See Jackson, supra, at 111, 413 N.E.2d at 822.
In sum, we find no merit in any of Issa's twenty-three claims for relief. He failed to present sufficient operative facts showing that he was entitled to postconviction relief. Therefore, the trial court did not err in dismissing his petition without a hearing. We overrule Issa's second assignment of error and affirm the trial court's judgment.
Doan, P.J., Hildebrandt and Painter, JJ.
Please Note:
 The court has placed of record its own entry in this case on the date of the release of this Decision.