[Cite as *State v. Feltha*, 2017-Ohio-8640.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160574 |
| | | TRIAL NO. B-1503624(A) |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MACEO FELTHA, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 22, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} Shaundelle Graham was angry with Leroy Brewster because Brewster had destroyed cocaine owned by Graham that had been given to Brewster to convert into crack. Graham demanded that Brewster repay him for the destroyed drugs, but Brewster refused. Graham later instructed a group of men to go and harass Brewster. While this group was harassing Brewster, another individual approached, fired multiple shots, and fled. Brewster fled from the scene, but had been shot during the encounter. After running a short distance, Brewster collapsed and died. Portions of the events were captured by various security cameras, including the actual shooting and the aftermath.

{¶2} During the course of the investigation, detectives learned that defendant-appellant Maceo Feltha may have been the shooter. Feltha was questioned over the course of five hours, and admitted to shooting Brewster. Feltha was indicted for one count of murder with specifications in violation of R.C. 2903.02(A), two counts of murder with specifications in violation of R.C. 2903.02(B), one count of felonious assault with specifications in violation of R.C. 2903.11(A)(2), one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(2), and one count of kidnapping in violation of R.C. 2905.01(A)(2). Prior to trial, one of the R.C. 2903.02(B) murder counts and the kidnapping count were dismissed at the request of the state.

{¶3} The theory of the case presented by Feltha at the beginning of the trial was that his confession was false. The reason that he confessed was a combination of pressure he felt from law enforcement and the fact that he feared Graham. Counsel claimed that Feltha had an alibi witness that would place him elsewhere at the time of the shooting. Counsel also indicated that Feltha would testify at trial. During the state's case, several people testified that they saw Feltha at the scene and that he shot

Brewster. The jury was shown the video evidence, as well as a note that Feltha had passed to another individual charged in the matter. The note detailed a strategy to coordinate false accounts of the events in order to secure acquittals for the several individuals involved in the incident. The jury also received evidence of three prior juvenile adjudications for Feltha to support the weapons-under-disability charge.

{¶4} When the time came for the defense to present its case, Feltha chose not to take the stand. Additionally, the only witness he presented testified that Feltha had been seen somewhere else, but not at the time of the shooting. Because of these developments, counsel argued during closing arguments that Feltha had not intended to shoot Brewster, but that he was running and the gun went off. The jury found Feltha guilty on all counts. After mergers, Feltha was convicted of one count of murder with specifications, and one count of having a weapon while under a disability. He was sentenced to 15 years to life for the murder count and 36 months in prison for the weapons-under-disability count, with the terms to be served consecutively. Feltha now appeals raising five assignments of error.

### Ineffective Assistance of Counsel

{¶5} In his first assignment of error, Feltha claims that his trial counsel was ineffective. To prevail on an ineffective-assistance claim, an appellant must demonstrate that his counsel's performance was deficient, and that in the absence of counsel's errors there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. Our review of counsel's performance must be "highly deferential." *Id.* at 689.

3

**Prior Adjudications**

{¶6}     Feltha claims that counsel was ineffective for stipulating to three prior juvenile adjudications that supported the weapons-under-disability count.  He first argues that counsel should have tried to sever the charge and have it tried separately.  But Feltha was not prejudiced by the fact that the charges were tried together because the proof for each offense was "simple and direct, so that [the] jury [was] capable of segregating the proof required for each offense."  *See State v. Norman*, 137 Ohio App.3d 184, 197, 738 N.E.2d 403 (1st Dist.1999).  With the video evidence, the testimony of everyone else involved, and Feltha's confession, we cannot say that he was convicted because the weapons-under-disability charge was tried with the other charges.

{¶7}     He next argues that trial counsel should have sought to waive the jury trial on that count and try the weapons-under-disability count to the bench.  But the decision on whether to waive a jury trial is a matter of trial strategy.  *See State v. Boyde*, 10th Dist. Franklin No. 12AP-981, 2013-Ohio-3795, ¶ 19.  Feltha further argues that counsel was ineffective for failing to convince him to plead guilty to the charge so that the evidence of the prior adjudications would not be admitted.  But there is no evidence in this record that Feltha would have been willing to enter such a plea.

{¶8}     Feltha also argues that counsel was ineffective for stipulating to three separate adjudications, rather than just one.  He also argues that allowing the admission of the documents detailing the adjudications, rather than simply stipulating to the fact of a prior adjudication, constituted deficient performance. The Ohio Supreme Court has held that a trial court abuses its discretion when it refuses to accept the offer of defense counsel to stipulate to the fact of a prior conviction for the purpose of establishing the element of an offense that requires proof of a prior

conviction. *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, ____ N.E.3d ____. Thus, if counsel had offered to stipulate to a prior adjudication without the admission of documents detailing the facts underlying the offenses, the trial court would have been required to accept the stipulation. But the evidence of Feltha's guilt was overwhelming. Thus, while counsel's performance was deficient in that regard, there is no reasonable probability that the outcome would have been different. We agree with the Fifth Appellate District that, when the evidence against a defendant is overwhelming, he is not prejudiced by the decision of counsel to stipulate to more than one prior adjudication. *See State v. Nero*, 5th Dist. Stark No. 2012 CA 00016, 2012-Ohio-4810, ¶ 26.

{¶9} Feltha next argues that trial counsel should not have mentioned his prior adjudications during voir dire, but those adjudications were going to be admitted at trial. Foreclosing "the sting of prior convictions" is a legitimate trial tactic. *State v. Smith*, 1st Dist. Hamilton No. C-010517, 2002-Ohio-2886, ¶ 9. Being candid with a jury about damning evidence that is certain to be presented allows counsel to build a rapport with the jury founded in credibility and candor, which can allow counsel to operate more effectively as an advocate. Such a decision is within the realm of acceptable trial strategy.

### Other Claims of Deficient Performance

{¶10} Feltha claims that trial counsel was ineffective because of the inconsistent defense presented at trial. Through most of the trial, counsel had told the jury that Feltha's confession was false, that he had an alibi for the night of the shooting, and that he would testify. When the defense presented its case, it consisted of one witness who was not an alibi witness; Feltha did not testify. At closing, counsel instead conceded that Feltha shot Brewster, but argued that he had fired the weapon accidentally.

{¶11}   During the trial, outside the presence of the jury, counsel informed the trial court that "my client is determined to testify.  I am trying to persuade him not to.  I have been trying to persuade him not to for the longest period of time.  After the reading of his statement, I am in more of a position, I do not want him to testify."  Counsel was facing a client who insisted on testifying and indicated he had an alibi.  Counsel was forced to litigate within the confines of those circumstances.  Once the state presented evidence that overwhelmingly placed him at the scene and placed the gun in his hand, it seems that cooler heads prevailed and counsel was able to attempt to argue that the shooting was an accident.  Had the jury believed this argument, he would not have been convicted of murder.  The fact that a tactic may backfire does not make it ineffective.  *Smith* at ¶ 9.  This did not rise to ineffective assistance of counsel.

{¶12}   Feltha next claims that trial counsel's representation was deficient because counsel failed to file a motion to suppress his statement made to police.  He claims that he had had little sleep, was not thinking straight, his stomach was hurting, and the police were leading his responses.  But a review of the video belies these contentions.  He did not seem overly tired, his complaints about being tired and his stomach hurting seemed to be more stalling tactics than legitimate complaints.  He was given food from McDonald's, and was allowed to use restroom and call family members, and had his stepfather and mother present for a significant part of the interview.  A motion to suppress would not have been successful, and counsel was not ineffective for failing to file it.  *See State v. Brotherton*, 1st Dist. Hamilton No. C-050122, 2006-Ohio-1747, ¶ 13.

{¶13}   Feltha next argues that counsel was ineffective for admitting during closing arguments that Feltha had committed the weapons-under-disability offense.  But his guilt on that count was a foregone conclusion.  Numerous witnesses—and

Feltha's own statement to police—demonstrated that he had possessed a firearm which, because of his prior adjudications, he was prohibited from possessing. Such an admission is a sound trial strategy. It allowed the jury to focus on counsel's argument that the shooting had been accidental.

{¶14} Finally, Feltha argues that the cumulative impact of counsel's deficient performance warrants reversal of his convictions and a new trial. But we have found no conduct by trial counsel that rises to the level of drawing the outcome of the case into doubt. We cannot say that counsel's representation fell below an objective standard of reasonable representation. *See Strickland*, 466 U.S. at 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley*, 42 Ohio St.3d at 141-142, 538 N.E.2d 373. We overrule the first assignment of error.

### No Plain Error In Admission of Prior Adjudications

{¶15} In his second assignment of error, Feltha claims that it was plain error for the trial court to admit his three prior juvenile adjudications into evidence, where the entries admitted contained details of the underlying facts of the adjudications.

{¶16} The appellant bears the burden of demonstrating that a plain error affected his substantial rights. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14. The appellant must show that an error occurred, that the error was an obvious defect in the trial proceedings, and that the error affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶17} The entries admitted into evidence contained some details of the underlying facts of the adjudications—details that would not have been admissible had counsel sought to have them excluded. *Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, ___ N.E.3d ___, ¶ 40. But counsel stipulated to the admission of the entries, and Feltha cannot show that any error affected the outcome of the trial. The evidence of Feltha's guilt was overwhelming, foreclosing the possibility of demonstrating plain error. *See State v. McCray*, 1st Dist. Hamilton No. C-160272, 2017-Ohio-2993, ¶ 28 (holding that plain error cannot be demonstrated where evidence of guilt is "overwhelming"). We overrule Feltha's second assignment of error.

**Instruction on Reckless Homicide**

{¶18} In his third assignment of error, Feltha claims that the trial court erred when it refused to instruct the jury on the lesser-included offense of reckless homicide. Proof of the offense of murder requires a showing that the defendant purposefully caused the death of another. R.C. 2903.02(A). Reckless homicide, on the other hand, requires that the death be caused recklessly. R.C. 2903.041(A). Reckless homicide is a lesser-included offense of murder. *See State v. McCurdy*, 1st Dist. Hamilton No. C-020808, 2003-Ohio-5518, ¶ 14.

{¶19} If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser-included offense must be given. *State v. Wilkins*, 64 Ohio St.2d 382, 388, 415 N.E.2d 303 (1980). But the lesser-included-offense instruction is not warranted every time "some evidence" is presented to support the lesser offense. *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992). Rather, a court must find "sufficient evidence" to "allow a jury to reasonably

reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense." *Id.* at 632-633.

{¶20} The decision to instruct the jury on a lesser charge "lies within the discretion of the trial court." *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 1. When applying the abuse-of-discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable if it is unsupported by a sound reasoning process. *State v. Zamorski*, 141 Ohio App.3d 521, 524, 752 N.E.2d 288 (1st Dist.2000), citing *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶21} The trial court concluded that the evidence presented would not have allowed the jury to reject the murder offense and find him guilty of reckless homicide.

> What we have here from the evidence that I viewed in watching this case progress, the defendant admits ultimately that he got a gun in a brown bag, he took the gun. The video shows that the defendant took the gun and took off after the victim. The video shows two shots being fired, not one, not two - - two that I could see and at least two witnesses, as I recall, said that there were three shots fired which, to me, clearly negates a negligence type situation. There is no claim of accident, no evidence of accident other than a short self-serving statement made by the defendant towards the end of an extremely long statement to the police. In

9

that statement, he admits that he called himself the triggerman. Without any other evidence, it is just not there. I think it would be an injustice for the Court at this point to allow such a charge to be presented to the jury. I don't think it is here. I will overrule your request.

T.p. 716-717. The decision to deny the requested instruction on reckless homicide was supported by a sound reasoning process. It was not unreasonable, arbitrary, or unconscionable. We overrule Feltha's third assignment of error.

### Admission of Note

{¶22}    Feltha claims that the trial court erred when it admitted into evidence a letter given to a witness by Feltha, because the letter had not been authenticated as being written by him. But, at trial, the state did not claim that Feltha wrote the letter, only that Feltha had given it to the witness. In fact, reading the letter, it is clear that it was written by someone else. The letter's author claims that he had been at a bar drinking and that he met up with a group. This is not consistent with Feltha's statement to police that he had arrived at the scene from a friend's house, not mentioning being at a bar. The letter also states that "my baby mom live in the same apartment as Shakey," but Feltha had no children.

{¶23}    The prosecutor had the witness identify the letter as the one Feltha had given to him while being held in the courthouse. When defense counsel objected on the basis of authentication, the state responded, "I never asked him if the defendant wrote this. He received this letter. He indicated this is the original letter he received so it has been authenticated."

{¶24}    Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent

10

claims." In this case, the issue was not whether Feltha had written the note, but rather whether Feltha had given the note to the witness—a fact to which the witness testified. No further authentication was required.

{¶25} We also conclude that the note did not constitute hearsay. The note was admitted to show that Feltha was part of the group of individuals involved in the incident who were attempting to coordinate their versions of events for trial. It was not hearsay because it was not offered for the truth of the matter asserted therein. *See* Evid.R. 801(C). We overrule Feltha's fourth assignment of error.

### Sufficiency and Weight of the Evidence

{¶26} In his final assignment of error, Feltha claims that his conviction for murder was based upon insufficient evidence and was against the manifest weight of the evidence. In a challenge to the sufficiency of the evidence, the question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and thereby created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus.

{¶27} Feltha was convicted of murder in violation of R.C. 2903.02(A), which prohibits a person from purposefully causing the death of another. The state presented the testimony of eyewitnesses who saw Feltha chase and shoot Brewster. The jury heard Feltha's statement to police in which he confessed to being the "triggerman" and to shooting Brewster. During the police interview, he admitted to

his mother and stepfather that he had shot Brewster and apologized for his actions. The jury was presented with video evidence showing the events of that evening. And the state presented evidence that Brewster died as a result of the shooting. The record contained sufficient evidence to convict Feltha of murder, and his conviction was not against the manifest weight of the evidence. We overrule Feltha's fifth assignment of error.

### Conclusion

{¶28} Having considered and overruled all five of Feltha's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.