JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ellis Crim ("appellant") appeals from the judgment of the trial court which, following a jury trial, found him guilty of two counts of felonious assault with firearms specifications. He also appeals the imposition of consecutive sentences. For the reasons set forth below, we affirm appellant's convictions and remand for resentencing.
 {¶ 2} The events that took place on Thanksgiving in 2001 are in dispute. That night, Lorenzo Austin visited his mother, Nezzie Austin, where she lived with appellant. Harvey Austin, Nezzie's brother, and his wife arrived at the house. When Harvey walked in, he said hello to everyone, but allegedly ignored appellant. Appellant took this as a sign of disrespect and said something to Harvey. There allegedly had been a history of bad blood between Harvey and appellant.
 {¶ 3} Later in the evening a few of Nezzie's guests began a game of cards. Appellant, Harvey's wife and Lorenzo played and eventually Harvey joined in. Lorenzo and appellant began arguing about the game. Lorenzo grew frustrated and allegedly threw his coins on the table. Appellant and Nezzie claimed that Lorenzo threw the coins in appellant's face. Nezzie instructed everyone to leave, so Lorenzo, Harvey and his wife left.
 {¶ 4} Harvey and Lorenzo left the house and went to the street where they were parked. They heard Nezzie hollering upstairs and returned to check that she was safe. They were told that everything was fine, so they proceeded back down the stairs. They testified that, as they were standing in the street, appellant began firing his weapon from the second floor porch of the house. Appellant shot Lorenzo, who fell in the middle of the street. After he heard shots fired, Harvey went into the back of his truck to retrieve a large stick. The police arrived immediately on the scene.
 {¶ 5} Nezzie and appellant's version of the night differs substantially. They claim that after Lorenzo and Harvey left for the second time, Harvey went into the trunk of his truck to retrieve what they believed to be a gun. Appellant maintained at trial that he ran into the house to get his gun after he believed Harvey was retrieving a weapon. He stated that he was on the second floor porch when Harvey pointed a gun at him. He testified that they fired their weapons simultaneously and that he was acting in self-defense. At trial, both the state and the defense presented other witnesses to testify to their version of what occurred that evening. Appellant was indicted on two counts of felonious assault in violation of R.C. 2903.11, each with two firearm specifications in violation of R.C. 2941.141 and R.C.2941.145. He pled not guilty to the indictment and the matter proceeded to trial in June of 2002. The next day, the trial court declared a mistrial. Appellant's next trial commenced on November 12, 2002. A jury found appellant guilty of both counts of felonious assaults, including the firearms specifications. Appellant was sentenced to three years incarceration on count one, four years of incarceration on count two, a total of three years incarceration for the firearm specifications, which were merged. The trial court ordered that the terms be served consecutively. On appeal, appellant assigns three assignments of error for our review.
 {¶ 6} "I. The trial court erred by failing to instruct the jury as to the lesser included offense of aggravated assault, R.C. 2903.12."
 {¶ 7} Appellant claims that the judge improperly excluded jury instructions on the lesser included offense. Specifically, he contends that the evidence in his case indicated that reasonable minds could conclude that the victim brought serious provocation against appellant to incite him to use deadly force. It follows, he argues, that a jury instruction on aggravated assault was proper. We disagree.
 {¶ 8} The Supreme Court of Ohio has stated:
 {¶ 9} "* * * merely because one offense can be a lesser included offense of another does not mean that a court must always instruct on both offenses where the greater offense is charged. However, such an instruction is required where the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense." State v. Davis (1983),6 Ohio St.3d 91. (Internal quotation omitted.)
 {¶ 10} In State v. Deem (1988), 40 Ohio St.3d 205, paragraphs four and five of the syllabus, the Ohio Supreme Court held:
 {¶ 11} "4. Aggravated assault, R.C. 2903.12, contains elements which are identical to the elements defining felonious assault, R.C. 2903.11, except for the additional mitigating element of serious provocation. Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. (R.C. 2945.74 and Crim.R. 31[C], construed and applied.)
 {¶ 12} "5. Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. (State v. Mabry [1982],5 Ohio App.3d 13, paragraph five of the syllabus, approved.)"
 {¶ 13} R.C. 2903.12 states, in relevant part: "No person, while under the influence of sudden passion or in a sudden fit of rage * * *." Reviewing the evidence at the trial, we conclude that the trial court did not err in refusing to give an instruction on aggravated assault in this instance. According to appellant's testimony on direct examination, it is clear to us that there was no "serious provocation occasioned by the victim" as required for an instruction on aggravated assault. R.C.2903.12(a). Appellant's testimony demonstrates that he was not provoked while Lorenzo and Harvey were inside his home. Appellant testified that after Lorenzo allegedly threw the coins in his face, he got up to go to the bathroom because he had an instant headache. He testified that by the time he returned from the bathroom, his wife had herded everybody out of the house. He further testified that he was not in a fit of rage. He stated that while all of the commotion was taking place, he was not angry and was cool, calm and collected.
 {¶ 14} Further, there was no testimony offered at trial to the effect that appellant was under the influence of sudden passion or in a sudden fit of rage after the victims exited his house and before he fired his weapon at the victims. Further, it has been held that in most cases, jury instructions on both self-defense and serious provocation are inconsistent. State v.Martin (Apr. 28, 1995), Lake Cty. App. No. 93-L-015 citingState v. Smith (Jan. 14, 1993), Ashtabula App. No. 92-A-1695. See, also, State v. Caldwell (Dec. 17, 1998), Franklin Cty. App. No. 98AP-165, discretionary appeal not allowed by State v.Caldwell (1999), 85 Ohio St.3d 1464 (Evidence, such as fear alone, supporting the privilege of self-defense, did not demonstrate the kind of emotional state necessary to constitute sudden passion or a fit of rage).
 {¶ 15} In accordance with the foregoing, this assignment of error is without merit.
 {¶ 16} "II. The trial court erred by denying the introduction of 911 tapes relevant to appellant's defense."
 {¶ 17} In his second assignment of error, appellant contends that the trial court erred by denying the introduction of 911 tapes, which he argues were exculpatory in nature. We disagree.
 {¶ 18} It is axiomatic that "the admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus, see also State v. Bey (1999),85 Ohio St.3d 487, 490, 1999-Ohio-283. Where an error in the admission of evidence is alleged, appellate courts do not interfere unless it is shown that the trial court clearly abused its discretion.State v. Maurer (1984), 15 Ohio St.3d 239.
 {¶ 19} "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 20} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 21} The trial court's discretion will not be reversed on appeal absent a clear abuse of discretion and only if the defendant was materially prejudiced. State v. Farmer (April 6, 2000), Cuyahoga App. No. 75080, citing State v. Withers (1975),44 Ohio St.2d 53, 55. It is recognized that 911 tapes may be admissible at trial under the excited utterance exception to the rule against hearsay. State v. Smith (1997), 80 Ohio St.3d 89. However, appellant has failed to demonstrate prejudice in this case and we will not disturb the trial court's ruling.
 {¶ 22} A careful review of the 911 tapes in question reveals that the tapes contain no exculpatory evidence. Appellant maintains that one of the callers described the actions of the victims. He maintains that the tape was exculpatory because it demonstrated that one of the victims may have had a gun or that the actions of the men were consistent with this theory of his case. However, a careful review of the tape reveals that the caller merely stated that "he's got" a gun. The caller was unable to describe who was carrying a gun and upon further inquiry by the dispatcher, denied any ability to determine what was going on. We find that because the tapes contain no exculpatory evidence, appellant was not prejudiced.
 {¶ 23} Further, the trial court in this case engaged in a lengthy analysis regarding the admissibility of the tapes. We cannot say that the trial court acted unreasonably, arbitrarily or unconscionably in excluding the 911 tapes. We therefore overrule this assignment of error.
 {¶ 24} "III. The trial court erred by sentencing the appellant to serve consecutive terms."
 {¶ 25} As to the imposition of consecutive sentences, R.C. provides for concurrent sentences unless the court determines that consecutive sentences should be imposed pursuant to R.C.2929.14. In accordance with that statute, the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C. 2929.14(E)(4) provides in pertinent part:
 {¶ 26} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 27} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 28} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 29} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 30} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences.State v. Klepatzski, 8th Dist. No. 81676, 2003-Ohio-1529;State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, and 75606. The record must demonstrate that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Klepatzski, supra; Nichols,
supra, citing State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110.
 {¶ 31} We have previously found that it is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the court made the required findings. See State v. Jackson, Cuyahoga App. No. 79871, 2002-Ohio-2137; State v. Williams, Cuyahoga App. No. 79273, 2002-Ohio-503; State v. Hollander (2001),144 Ohio App.3d 565. However, in this case the transcript reveals that the trial court failed to comply with R.C. 2929.14(E)(4). The trial court did not find that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Further, the trial court failed to clearly state how the appellant's behavior fit into one of the categories enumerated in R.C. 2929.14(E)(4)(a), (b) or (c).
 {¶ 32} R.C. 2929.19(B)(2)(c) provides:
 {¶ 33} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;"
 {¶ 34} We find that, although the trial court failed to make the required findings, it complied with the requirements of R.C.2929.19 (B)(2)(c) and provided some reasons supporting consecutive sentences, including: the egregious nature of the offense, the serious physical and emotional harm appellant caused to more than one victim, his lack of remorse, and appellant's demonstrated pattern of drug and alcohol abuse for which he refuses to seek treatment. However, the trial court must make the necessary findings as well as supply the required reasons for imposing the consecutive sentence. Accordingly, appellant's third assignment of error is sustained.
 {¶ 35} Judgment affirmed in part and remanded in part for resentencing.
Sweeney and Karpinski, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.