JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Arthur Board ("Board") appeals his conviction from Cleveland Municipal Court finding him guilty of assault. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Board and the victim, Rose Marie Roberts ("Roberts"), are neighbors. On July 29, 2003, several of Roberts' grandchildren were outside playing basketball in her yard. Board approached the children and threatened, with vulgar language, to take their ball away if it came into his yard. Roberts went to the fence, between the two yards, and told Board to mind his own business. Board slapped Roberts across the face. Roberts went into the house, told her husband what happened, called her councilman, and called the police. The following day, Roberts made a police report.
 {¶ 3} Board was charged with one count of assault under Section 621.03 of the Cleveland Municipal Code. He pled not guilty, and the case proceeded to a bench trial on September 16, 2003. Roberts, her husband, and one of her grandchildren testified for the city. Roberts' grandchild witnessed Board slap her grandmother across the face. Board's roommate testified on his behalf but did not see the incident.
 {¶ 4} The trial court found Board guilty of assault. The court explained that it found the city's witnesses very credible, particularly the grandchild. The court acknowledged that it was clear that both neighbors felt animosity toward each other but that it should never have risen to a level of violence against each other.
 {¶ 5} Board timely appeals his conviction, advancing three assignments of error for our review.
 {¶ 6} "I. The trial court erred and abused its discretion when it granted the prosecution's request to have the alleged victim remain in the courtroom in violation of the previously given separation order."
 {¶ 7} In the case at bar, Board argues that no authority allows the prosecution the use of a lay witness (Roberts) to assist during trial. Further, Board argues that Roberts' presence during the testimony of her grandchild was clearly prejudicial. We disagree.
 {¶ 8} Evid.R. 615 governs the trial court's duty to separate witnesses and states that "at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses * * *." However, this rule does not, in a criminal proceeding, authorize the exclusion of the victim of the charged offense to the extent that the victim's presence is authorized by statute, unless the court determines that the exclusion of the victim is necessary to protect the defendant's right to a fair trial. Evid.R. 615(B)(4); R.C. 2930.09.
 {¶ 9} In the instant case, Roberts had a statutory right to be present at trial and Evid.R. 615 does not authorize the court to exclude her unless Board's right to a fair trial would be compromised. Board has not demonstrated that his right to a fair trial was compromised in any way, and a review of the record does not reveal unfairness. Though Roberts spoke out during trial, it is clear from the transcript that the court disregarded her outbursts and admonished her and the prosecutor. In addition, Roberts took the stand and Board was able to cross-examine her at length.
 {¶ 10} Further, Evid.R. 615 was amended, effective July 1, 2001, to include subsection (B)(4), which contemplates the prosecutor's need to have the complaining witness at the trial table to present the state's case. See Weissenberger's Ohio Evidence 2004 Courtroom Manual. Therefore, the court did not abuse its discretion when it allowed the victim to remain in the courtroom and assist at the trial table.
 {¶ 11} Board's first assignment of error is overruled.
 {¶ 12} "II. The trial court erred when it allow[ed] in impermissible hearsay testimony under the hearsay exception of excited utterance in violation of the Confrontation Clause of the United States Constitution."
 {¶ 13} Board argues that the trial court erred by admitting hearsay testimony without proper foundation. The trial court allowed Roberts' husband to testify to a statement made by Roberts to him immediately after the incident wherein she told her husband that Board had slapped her across the face. Board objected, arguing lack of foundation. The trial court overruled the objection and allowed the statement to come in as an excited utterance. The city argues that the proper foundation was put forth by a previous witness.
 {¶ 14} The trial court has broad discretion in determining the admissibility of evidence. State v. Sage (1987),31 Ohio St.3d 173. The trial court's discretion will not be overturned on appeal absent an abuse of discretion and only if the defendant was materially prejudiced. State v. Crim, Cuyahoga App. No. 82347, 2004-Ohio-2553.
 {¶ 15} In the case at bar, Board fails to demonstrate material prejudice and, therefore, we will not disturb the trial court's ruling. Further, we fail to see how Board was prejudiced when he had the opportunity to cross-examine the declarant at trial.
 {¶ 16} Board's second assignment of error is overruled.
 {¶ 17} "III. The trial court erred and abused its discretion when it allowed the alleged victim to testify from written notes instead of her independent recollection of events."
 {¶ 18} Board argues the trial court erred when it allowed the victim to testify using her notes. This court has held: "The extent to which a party may refresh the recollection of his own witness is ordinarily a matter for the trial court's discretion."State v. Jordan (Dec. 16, 1993), Cuyahoga App. No. 64308, quoting State v. Stearns (1982), 7 Ohio App.2d 11, 16. Again, the trial court's discretion will not be overturned on appeal absent an abuse of discretion and only if the defendant was materially prejudiced. Crim, supra.
 {¶ 19} In the instant case, although the court allowed the witness to testify using her notes without it first being established that she lacked a present recollection of the events described in the writing, Board fails to demonstrate any prejudice resulting from the error. Moreover, "Evid.R. 612 doesn't prohibit testimony from notes when a witness' recollection is refreshed. It simply confers certain rights on the adverse party when the court permits such testimony." Dixonv. Gregg, Montgomery App. No. 19337, 2003-Ohio-2077. The trial court allowed defense counsel the opportunity to view the writing and cross-examine the witness with regard to its content, in accordance with Evid.R. 612, neither of which defense counsel chose to do. Accordingly, we see no abuse of discretion on the part of the trial court.
 {¶ 20} Board's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.