JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Ellis Crim, appeals from a common pleas court order resentencing him following an order of remand from this court. He argues that he was deprived of his liberty without due process because the court imposed consecutive sentences and sentences which exceeded the statutory minimum terms of imprisonment although a jury did not find the facts which supported such sentences. He also contends that the court failed to make adequate findings and state its reasons for imposing consecutive sentences in excess of the statutory minimum. We find no error in the court's decision and affirm.
 {¶ 2} The facts underlying this action are discussed more fully in our decision in the previous appeal in this matter,State v. Crim, Cuyahoga App. No. 82347, 2004-Ohio-2553. Following a jury trial, appellant was found guilty of two counts of felonious assault with firearms specifications, and was sentenced to three years' imprisonment on the firearms specifications, to be served prior and consecutive to a term of three years' imprisonment on the first count of felonious assault, and a consecutive term of four years' imprisonment on the second count. In the previous appeal, this court affirmed the convictions, but remanded the matter for resentencing because the trial court failed to make the necessary findings and to state its reasons for imposing consecutive sentences.
 {¶ 3} At the resentencing hearing, the court again imposed a term of three years' imprisonment on the firearms specification, to be served prior and consecutive to a term of imprisonment of three years on the first count of felonious assault and a consecutive term of four years on the second felonious assault charge. Appellant now appeals from this judgment.
 {¶ 4} The first assignment of error contends that appellant was deprived of due process because a jury did not make the findings necessary to the imposition of a consecutive term of imprisonment or a term of imprisonment in excess of the statutory minimum. Our recent en banc decisions in State v. Lett,
Cuyahoga App. Nos. 84707 84729, 2005-Ohio-2665, and State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666 are dispositive of these issues. In Lett, this court held that "the findings required under R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) as a predicate for imposing consecutive sentences do not violate an offender's Sixth Amendment right to a trial by jury as construed in Blakely [v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531]. Those findings are permissible because they do not increase a sentence beyond the maximum available to the offender. They simply aggregate individual sentences." Lett, at ¶ 47. InAtkins-Boozer, we held that the findings required by R.C.2929.14(B) for the imposition of a sentence in excess of the statutory minimum sentence "does not implicate the Sixth Amendment as construed in Blakely and [U.S. v.] Booker
[(2005), U.S., 125 S.Ct. 738]. Although the factors enumerated in R.C. 2929.14(B) guide a trial court in determining the appropriate sentence based on the defendant's conduct, they do not permit a trial court to impose any sentence beyond the prescribed statutory range, as contained in R.C. 2929.14(A)."Atkins-Boozer, at ¶ 30. Thus, due process did not require jury findings on either of these issues. Accordingly, we overrule the first assignment of error.
 {¶ 5} Second, appellant contends that the record does not support the findings made by the court below to support its imposition of consecutive sentences. He further argues that the court did not make the findings necessary to impose a sentence in excess of the statutory minimum sentence.
 {¶ 6} To the extent that appellant challenges the imposition of a sentence in excess of the statutory minimum, we find that the second assignment of error is barred by res judicata. This was an issue which could have been raised in appellant's first appeal. His failure to do so bars any complaint now. State v.Johnson, Montgomery App. No. 20317, 2004-Ohio-6228; State v.Scuba, Geauga App. No. 2000-G-2308. The sole purpose of the remand was to allow the court to state its reasons for imposing consecutive sentences.
 {¶ 7} To the extent that appellant challenges the imposition of consecutive sentences, we find that his appeal lacks merit. R.C. 2929.14(E)(4) allows the court to impose consecutive sentences for multiple offenses after making three determinations: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender," (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that any one of three additional findings applies; one of these findings is that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 8} In addition to the findings required under R.C.2929.14(E)(4), R.C. 2929.19(B)(2)(c) also requires that the court give its reasons for imposing consecutive sentences. This requirement is separate and distinct from the court's obligation to make findings under R.C. 2929.14(E)(4), and requires the court to align its rationale with its findings, although a direct correlation of findings and reasons is not required. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 21; State v.Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806, ¶ 76.
 {¶ 9} In imposing consecutive sentences in this case, the common pleas court stated:
 {¶ 10} "* * * I believe that multiple prison terms for this offender are appropriate to protect the public from future crimes and to punish the offender for his activity. I also find that a consecutive sentence is not disproportionate to the seriousness of the offender's conduct, and I do believe that this offender represents a danger to the public.
 {¶ 11} "I also specifically would like to make the following findings under Section — that the harm caused by these offenses was so great and unusual that no single prison term for any of the offenses committed as a part of the single course of conduct adequately reflects the seriousness of this offender's conduct. And my reasons for doing so are clear, if anyone reads the transcript.
 {¶ 12} "This was a situation where after the individuals had left the home in question, this enraged defendant retrieved a shotgun and began shooting up the neighborhood from the second floor porch, and he was shooting at and shot and nearly killed an unarmed man, in the middle of the street, not even close to the door or the fence. Shows no remorse for his conduct. He does not accept his responsibility. And the harm to the community and to these two victims was so great that no single prison term would adequately reflect the seriousness of this individual's conduct.
 {¶ 13} "I distinctly recall the serious physical harm that was demonstrated by the victim that had been shot. He will never, ever be the same. He was in the hospital for a very substantial period of time. He very easily could have died. He is in serious pain and discomfort to this very day. * * * *"
 {¶ 14} Appellant concedes that the court made the findings necessary to support the imposition of consecutive sentences, but argues that the facts do not support these findings. He urges that there is nothing in the record to demonstrate that he presented an uncommon risk of recidivism, so there was no basis for the court to find that consecutive sentences were necessary to punish him or to protect the public. We disagree. The court's statement that appellant showed no remorse for his crime and refused to accept responsibility for it supports the court's determination that consecutive sentences were necessary to protect the public and punish the offender. Cf. R.C.2929.12(D)(5). The court's statement of reasons for imposing consecutive sentences was sufficient to meet the requirements of R.C. 2929.19(B)(2)(c). Therefore, we overrule the second assignment of error and affirm the sentence imposed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Gallagher, J. Concur.