JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ellis Crim, appeals from the common pleas court order resentencing him after remand. Appellant assigns a single error for review, asserting that the trial court erred by imposing upon him consecutive and non-minimum sentences. For the reasons stated below, we affirm.
 {¶ 2} The procedural history of this matter is as follows. In 2002, a jury found appellant guilty of two counts of felonious assault with firearm specifications. He was sentenced to three years' imprisonment on the firearm specifications, to be served prior to a term of three years on the first count of felonious assault, and a consecutive term of four years on the second count. In the direct appeal of the convictions and sentence, this court affirmed the convictions, but remanded the matter for resentencing because the trial court failed to make the necessary findings and to state its reasons for imposing consecutive sentences. See State v. Crim, Cuyahoga App. No. 82347, 2004-Ohio-2553.
 {¶ 3} At the resentencing hearing, the court again imposed a term of three years' imprisonment on the firearm specifications, to be served prior to a term of three years on the first count of felonious assault and a consecutive term of four years on the second felonious assault charge. On appeal, this court affirmed the sentence, holding that the trial court had made the findings necessary to support the imposition of consecutive sentences and that appellant's claim that the trial court did not make the necessary findings to impose a sentence in excess of the statutory minimum sentence was barred by the doctrine of res judicata. State v. Crim, Cuyahoga App. No. 85290, 2005-Ohio-4129. *Page 4 
 {¶ 4} Appellant appealed this decision to the Ohio Supreme Court. The supreme court reversed the decision and remanded appellant's case for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See In re: Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2190.
 {¶ 5} The trial court held a second resentencing hearing on June 12, 2007. Appellant, through counsel, argued that because the statutory provisions in effect at the time the crimes were committed provided for both a presumption of a minimum sentence and a presumption of concurrent sentences, the retroactive application of the Foster remedy eliminating those presumptions violated both the ex post facto clause and the due process clause of the United States Constitution. Appellant noted that he had no previous criminal record and asked the court to impose a sentence of minimum, concurrent terms for his convictions.
 {¶ 6} The trial court, citing the seriousness of appellant's conduct, again imposed a term of imprisonment of three years on the first count of felonious assault, a consecutive term of four years on the second felonious assault charge, and a term of three years' imprisonment on the firearm specifications, to be served prior to the other terms.
 {¶ 7} Appellant now appeals this sentence, assigning the following error for review:
 {¶ 8} "ELLIS CRIM WAS DENIED HIS LIBERTY WITHOUT DUE PROCESS AND HIS RIGHT NOT TO BE SUBJECTED TO PUNISHMENT IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION BY THE IMPOSITION OF CONSECUTIVE SENTENCES." *Page 5 
 {¶ 9} Appellant acknowledges that this court has already addressed and rejected the ex post facto claims as they apply to Foster. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567.
 {¶ 10} Additionally, in State v. Dawson, Cuyahoga App. No. 88486,2007-Ohio-2761, this court noted that every appellate district in the state of Ohio has reached the conclusion that the remedial holding ofFoster does not violate a defendant's due process rights or the ex post facto principles. Id. at fn.1 (citing cases from each Ohio appellate district).
 {¶ 11} Appellant argues, however, that the ruling in Mallette is wrong, and that Mallette, and all the cases which have followed and cited to Mallette, are based upon an improper analysis of ex post facto and due process law. He contends that the proper analysis for ex post facto and due process claims is not whether the change in law increased the punishment for the crime, but whether the change is retrospective and "disadvantages" the offender.
 {¶ 12} Appellant argues that at the time he committed his crimes, there was a statutory presumption that the sentence imposed would consist of a minimum term of imprisonment to be served concurrently with his other sentences. He claims that because Foster retroactively removed that presumption, he was disadvantaged and therefore his sentence is unconstitutional.
 {¶ 13} Appellant relies on language from Miller v. Florida (1987),482 U.S. 423, 430, where the supreme court stated that the ex post facto clause forbids application of any *Page 6 
retrospective law that "disadvantage[s] the offender affected by it." However, in California Dept. of Corrections v. Morales (1995),514 U.S. 499, the supreme court disavowed Miller's phrasing of the test, as well as similar phrasing the court had used in Weaver v. Graham (1981),450 U.S. 24, and Lindsey v. Washington (1987), 301 U.S. 397. TheMorales court stated:
 {¶ 14} "Our opinions in Lindsey, Weaver, and Miller suggested that enhancements to the measure of criminal punishment fall within the ex post facto prohibition because they operate to the `disadvantage' of covered offenders. But that language was unnecessary to the results in those cases and is inconsistent with the framework developed inCollins v. Youngblood, 497 U.S. 37, 41, 110 S. Ct. 2715, 2718,111 L. Ed. 2d 30 (1990). After Collins, the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of `disadvantage' * * * but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Morales, 514 U.S. at 506 n. 3.
 {¶ 15} Additionally, we find, as we have in the past, thatMiller is distinguishable on the facts. See State v. Laboy, Cuyahoga App. No. 89510, 2008-Ohio-451. See, also, State v. Evans, Washington App. No. 07CA45, 2008-Ohio-1446. In Miller, between the time defendant committed the offense and the time he was sentenced, the legislature increased the penalty for that offense. The result was defendant received a greater sentence for the same crime. In the instant case, there was no change to the range of sentences for the crimes *Page 7 
committed by appellant or in the sentence for those crimes. In fact, he received the same sentence all three times.
 {¶ 16} Appellant also argues that the retroactive application of theFoster remedy denies him the meaningful appellate rights that existed prior to Foster. We disagree.
 {¶ 17} "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at _10, citing R.C. 2953.08, citing, Griffin Katz, Ohio Felony Sentencing Law (2002), 791-796, Sections 9.19-9.20.Foster did not change this standard. Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, nevertheless, the court must still carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at _38. Appellant has not been denied meaningful review.
 {¶ 18} Therefore, for the reasons stated above, we overrule appellant's sole assignment of error.
 Judgment affirmed. *Page 8 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1