[Cite as *State v. Nero*, 2012-Ohio-4810.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | Sheila G. Farmer, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00016 |
|  | : |  |
|  | : |  |
| PATRICK DWAYNE NERO | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:          Criminal Appeal from Stark County
Court of Common Pleas Case No.
2011-CR-0566

JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:          October 15, 2012

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JOHN D. FERRERO          DEREK LOWRY
Prosecuting Attorney          116 Cleveland Avenue, N.W.
Stark County, Ohio          800 Courtyard Centre
          Canton, Ohio  44702

BY: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1}   Appellant, Patrick Dwayne Nero, appeals a judgment of the Stark County Common Pleas Court convicting him of having a weapon under disability (R.C. 2923.13(A)(2) and/or (A)(3)) and illegal possession of a firearm in a liquor permit premises (R.C. 2923.121(A)) and sentencing him to an aggregate term of incarceration of three years.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}   During the early morning hours of April 17, 2011, Karen Demetro began closing the Mirage Bar located on 12th Street in Canton.  She issued the last call for alcohol and went to unlock a second door to the bar to allow patrons to exit easily.  As she was unlocking the door, she heard two gunshots and saw a mass exodus from the bar with patrons running out the other door.  After the sea of people parted, she noticed appellant standing by the pool tables with a gun in his hand.  There were two bullet holes in the floor of the bar near appellant.

{¶3}   Demetro grabbed appellant by his hoodie as he began to follow the crowd outside.  Noticing the lights of a police cruiser, Demetro told appellant not to go outside with his gun because the police were outside.  Appellant wiggled out of his hoodie and went outside.  Demetro followed.  When appellant left the bar, police ordered him to drop his gun.

{¶4}   Canton Police Officer Frank Ranalli was two blocks from the bar aiding a sheriff's deputy in investigating an alarm call at a Rite Aid.  Hearing shots, Officer Ranalli proceeded to the Mirage, where he saw a crowd of people running from the bar. He heard a woman scream, "They're in there shooting."  Ranalli exited his cruiser and

got his M4 gun from the trunk. He then saw appellant leaving the bar with a gun in his hand.

{¶5} Ranalli trained his gun on appellant and repeatedly ordered him to drop the gun. Appellant ignored the commands, raising his gun to his waist before lowering it. Ranalli did not fire at appellant because Demetro was in his line of sight. Ranalli eventually put the tac light of his gun on appellant. When Demetro saw the red light targeting appellant, she yelled at appellant to drop the gun. Appellant "bladed his body" by turning sideways to minimize his exposure to Ranalli, placed his gun behind his right leg, dipped to the ground and dropped the gun.

{¶6} After dropping the gun, appellant began yelling and waving his arms. Fearing that appellant might have a second weapon in his possession, Ranalli ordered appellant to the ground. Appellant responded, "Fuck you, I ain't doing nothing." When appellant turned to walk away from the officer, Ranalli activated the safety of his weapon and took appellant to the ground. After appellant's gun was secured by Canton Police Officer James Nixon, Ranalli handcuffed appellant.

{¶7} Nixon arrived at the Mirage Bar in response to Ranalli's call for assistance. When he arrived, he saw Ranalli immobilizing appellant in order to handcuff him. He immediately picked up the gun. In securing appellant's gun, Nixon disengaged the hammer, which had been cocked, and removed a bullet from the chamber. According to Nixon, the gun was ready to fire upon pulling the trigger.

{¶8} After appellant was arrested, Ranalli found two .45 caliber shell casings on the bar floor and two bullet holes in the bar floor near where Demetro saw appellant standing holding his gun.

{¶9} Appellant was indicted by the Stark County Grand Jury with one count of having a weapon under disability and one count of illegal possession of a firearm in a liquor permit premises. The weapons under disability charge listed seven prior criminal cases giving rise to ten convictions, eight felonies and two misdemeanors, which created the disability element for the offense.

{¶10} At the beginning of trial, the parties entered into a written stipulation with regard to appellant's prior convictions, entered into the record as Court's Exhibit 1. The parties stipulated to convictions for escape in 2006, aggravated trafficking and/or aggravated possession of drugs in 2007, aggravated possession of drugs in 2006, three counts of trafficking in cocaine in 2002, possession of cocaine in 1999 and possession of cocaine in 1996.

{¶11} Following jury trial, appellant was convicted as charged in the indictment and sentenced to an aggregate term of incarceration of three years. He assigns two errors on appeal:

{¶12} "I. THE APPELLANT WAS DENIED A FAIR TRIAL BY THE ADMISSION OF MULTIPLE PRIOR FELONY CONVICTIONS TO ESTABLISH A DISABILITY TO POSSESS A FIREARM.

{¶13} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶14} Appellant argues that he was denied a fair trial by the admission of multiple prior felony convictions to establish his disability to possess a firearm.

{¶15} R.C. 2923.13(A) defines the offense of having a weapon under disability:

{¶16} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶17} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶18} "(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶19} Appellant argues that because only one of his prior felony convictions was necessary to prove that he was prohibited from possessing a weapon, he was denied a fair trial by the admission of all of his prior felony convictions.

{¶20} Not only did appellant fail to object to the admission of these convictions, but he stipulated to their admission. Therefore, he is apparently arguing that the trial court should have sua sponte rejected the stipulation and required the prosecution to select just one of his prior convictions to prove the disability element of the offense.

{¶21} Because appellant failed to object and in fact stipulated to the prior convictions being presented to the jury, we must find plain error to reverse. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that

the outcome of the trial clearly would have been different but for the error. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶22}** Appellant has not demonstrated that the outcome of the trial clearly would have been different had his eight prior felony convictions not been admitted into evidence. The evidence at trial was overwhelming. Demetro testified that upon hearing two gunshots in the bar, she saw a mass exodus of patrons from the bar, but appellant remained standing in the bar, holding a gun in his hand. The gun was pointed down toward two bullet holes in the floor of the bar, and two spent casings were later found in the same area. Appellant went outside to the waiting police despite Demetro's pleas that he drop the gun before going outside. Once outside, appellant ignored repeated commands from Officer Ranalli to drop his gun, which was loaded, cocked and ready to fire. The evidence overwhelmingly established that appellant possessed an operable firearm inside a liquor establishment and that he possessed a firearm under a disability. We cannot find that the result of the trial would have been different had the jury heard of only one of appellant's numerous prior convictions.

**{¶23}** The first assignment of error is overruled.

II

**{¶24}** In his second assignment of error, appellant argues that counsel was ineffective for stipulating to the admission of all of his prior convictions, for failing to question a juror who revealed after voir dire that he intended to become a police officer

and for failing to object to the prosecutor's statement in opening statement that appellant fired a gun inside the bar.

{¶25} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

{¶26} Appellant first argues that counsel was ineffective for stipulating to his prior convictions. As discussed in the first assignment of error, appellant cannot show that he would have been acquitted had only one of his prior convictions been admitted.

{¶27} Appellant next argues that counsel was ineffective for failing to further question Juror No. 48. During voir dire, the court had explored the issue of connections prospective jurors might have to law enforcement. After the jury had been selected, with Juror No. 48 as an alternate, the judge mentioned his own prior military service. At this point, Juror No. 48 brought to the attention of the court his imminent departure for military service in the United States Marine Corps. The juror mentioned that he was going to the reserves and while serving in the reserves, he wanted to become a police officer.

**{¶28}** Appellant argues that counsel should have requested an opportunity to question this juror further on the issue of his planned career in law enforcement. Appellant has not demonstrated prejudice. This juror was seated only as an alternate juror, remained an alternate juror throughout the trial, and was dismissed before the jury deliberated.

**{¶29}** Finally, appellant summarily argues that counsel should have objected to the State's comment in opening statement that appellant discharged the weapon inside the bar because he was not charged with discharging the firearm. Appellant has not demonstrated that counsel was ineffective for failing to object. The evidence at trial clearly established that appellant discharged the firearm inside the bar. The evidence of the discharge of the weapon was inextricably tied to the background facts of the case. The evidence explained the actions of the patrons leaving the bar with appellant left standing near the bullet holes in the floor and explained why the officers converged on the bar. The prosecutor's statement was a fair comment on what the evidence would show.

{¶30} The second assignment of error is overruled.

{¶31} The judgment of the Stark County Common Pleas Court is affirmed.


By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0802

[Cite as *State v. Nero*, 2012-Ohio-4810.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICK DWAYNE NERO | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00016 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES