[Cite as *State v. Nero*, 2013-Ohio-3610.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

       Plaintiff-Appellee

-vs-

PATRICK D. NERO

       Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case Nos. 2013CA00050,
          2013CA00054

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case Nos. 2011-CR-1129,
2011-CR-0566

JUDGMENT:                Affirmed

DATE OF JUDGMENT ENTRY:     August 19, 2013

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

PATRICK D. NERO, PRO SE
Trumbull Correctional Institution
Inmate No. 621-612
P.O. Box 901
Leavittsburg, Ohio 44430

*Hoffman, P.J.*

{¶1}   Defendant-appellant Patrick Dwayne Nero appeals the February 15, 2013 Judgment Entry entered by the Stark County Court of Common Pleas denying his motion to correct void sentence and for final appealable order.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}   Appellant was indicted by the Stark County Grand Jury on one count of having a weapon under disability and one count of illegal possession of a firearm in a liquor permit premises. The weapons under disability charge listed seven prior criminal cases giving rise to ten convictions, eight felonies and two misdemeanors, which created the disability element for the offense.

{¶3}   Following a jury trial, Appellant was convicted as charged in the indictment and sentenced to an aggregate term of incarceration of three years imposed consecutive to a three-year prison term in a separate criminal case.  The trial court memorialized the conviction and sentence via Judgment Entry of December 23, 2011. In a subsequent Judgment Entry, the trial court accorded Appellant 155 days of jail-time credit.  On October 15, 2012, this Court affirmed Appellant's convictions and sentence on direct appeal in *State v. Nero*, Stark App. No. 2012-CA-00016, 2012-Ohio-4810.

{¶4}   On February 12, 2013, Appellant filed a motion to correct void sentence and for final appealable order arguing his original sentencing entry did not include jail time credit; thus, the sentencing entry was void.  Appellant moved the trial court for resentencing in order to include the jail time credit.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶5} The trial court denied the motion via Judgment Entry of February 15, 2013.

{¶6} Appellant now appeals, assigning as error:

{¶7} "I. TRIAL COURT ERRED WHEN IT FAILED TO CALCULATE AND INCLUDE THE SPECIFIC NUMBER OF DAYS APPELLANT WAS TO RECEIVE FOR JAIL TIME CREDIT IN HIS SENTENCING JUDGMENT ENTRY. THIS MAKES APPELLANT'S SENTENCE VOID AND THE JUDGMENT ENTRY A NON-FINAL APPEALABLE ORDER PURSUANT TO STATE V. BAKER, 119 OHIO ST.3d 197. THIS MAY ALSO BE CONSIDERED PLAIN ERROR."

I.

{¶8} As set forth in the Statement of the Case, supra, the trial court's December 23, 2011 Judgment entry indicates Appellant is "entitled to jail time credit which will be calculated by the Sheriff and the number of days inserted in a certified copy of an order which shall be forwarded to the institution at a later date." Via separate Judgment Entry of January 11, 2012, the trial court accorded Appellant jail time credit, indicating the specific number of days. Appellant does not challenge the calculation of jail time credit as improper; rather, argues the trial court erred in failing to include the specific calculation of jail time credit in the original entry.

{¶9} We find Appellant's sentence is not contrary to law. Further, Appellant did not challenge either the calculation or the facts upon which the calculation was based on direct appeal. We find the issue raised herein was capable of being raised on direct appeal to this Court. (See, *State v. Nero,* Stark App. No. 2012-CA-00016, 2012-Ohio-

4810.)   Accordingly, we find Appellant's argument is barred by the doctrine of res judicata.

{¶10}  The February 15, 2013 Judgment Entry entered by the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICK D. NERO | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2013CA00050 |

For the reason stated in our accompanying Opinion, the February 15, 2013 Judgment Entry entered by the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
        Plaintiff-Appellee              :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
PATRICK D. NERO                         :
                                        :
        Defendant-Appellant             :          Case No. 2013CA00054


For the reason stated in our accompanying Opinion, the February 15, 2013

Judgment Entry entered by the Stark County Court of Common Pleas is affirmed.  Costs

to Appellant.


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. JOHN W. WISE


                                        _____
                                        HON. CRAIG R. BALDWIN