[Cite as *State v. Gatewood*, 2023-Ohio-3497.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                     :        APPEAL NO. C-220616
                                            TRIAL NO. B-1803186
    Plaintiff-Appellee,        :

  vs.                              :        *O P I N I O N.*

RASHAWN GATEWOOD,                  :

    Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 29, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher, William R. Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**KINSLEY, Judge**.

{¶1} Defendant-appellant Rashawn Gatewood appeals the judgment of the Hamilton County Court of Common Pleas denying his R.C. 2953.21 petition for postconviction relief. For the following reasons, we affirm the court's judgment.

## Factual and Procedural History

{¶2} In November 2019, following a jury trial, Rashawn Gatewood was convicted of felonious assault with an accompanying gun specification and having weapons while under disability. The weapons disability stemmed from an adjudication against Gatewood in juvenile court in 1999 for felonious assault. Following Gatewood's 2019 convictions, he was sentenced to an aggregate six-year prison term.

{¶3} At trial, with respect to the felonious-assault offense, Gatewood claimed self-defense. Relevant to that affirmative defense, Gatewood testified that he and his girlfriend went to Dontay Jackson's home after learning that Jackson had reportedly inappropriately touched Gatewood's daughter. Gatewood requested that Jackson walk outside to discuss the matter. Gatewood testified that after Jackson denied knowing Gatewood's daughter, Gatewood threatened to call the police. At this point, Jackson became angry and reached behind his back and lunged towards Gatewood. Believing Jackson had a weapon, Gatewood fired his gun and shot Jackson in the leg. Jackson did not have a weapon. At the time, Gatewood had a concealed-carry permit issued by the state of Virginia.

{¶4} With respect to the charge for having a weapon while under disability ("weapons charge"), Gatewood did not stipulate at trial that he had a 1999 juvenile adjudication for the commission of an offense that if committed by an adult would have constituted felonious assault. Instead, at trial, he argued that he had been charged with felonious assault as a juvenile but had admitted to and was adjudicated delinquent of a lesser offense. Therefore, he maintained that he was not under a

disability. To prove the disability, the state introduced the juvenile complaint that charged Gatewood with felonious assault as well as the judgment entry indicating that Gatewood changed his plea to "admit" and was adjudicated delinquent. Notably, the judgment entry did not state the offense Gatewood admitted.

{¶5} We affirmed Gatewood's 2019 convictions on direct appeal, overruling challenges to the admission of certain evidence, including the two firearms and a bullet-proof vest found in his car, and a challenge to the manifest weight of the evidence with respect to self-defense. *State v. Gatewood*, 2021-Ohio-3325, 177 N.E.3d 693 (1st Dist.), *appeal not accepted*, 165 Ohio St.3d 1495, 2021-Ohio-4515, 178 N.E.3d 533.

{¶6} In February 2021, Gatewood timely filed his R.C. 2953.21 petition for postconviction relief, asserting an ineffective-assistance-of-counsel claim based on his trial counsel's failure to advise him that he could have tried his weapons charge to the bench instead of the jury. Gatewood argues that this failure prejudiced him because if he had had the option of trying his charge to the bench, then the jury would not have learned of his 1999 juvenile adjudication, which Gatewood believes caused the jury to reject his claim of self-defense and find him guilty of felonious assault. In support of his petition, Gatewood submitted his affidavit as well as that of his girlfriend, both of which stated that trial counsel had failed to inform Gatewood that he had a right to have his weapons charge tried to the bench.

{¶7} The common pleas court denied the petition without a hearing. In its findings of fact and conclusions of law, the court found that Gatewood had not demonstrated ineffective assistance of counsel because the decision to try the weapons charge to the jury was trial strategy, that trial counsel had not waived any of Gatewood's fundamental rights, and that even if counsel's performance was deficient, it did not prejudice Gatewood. The court then concluded that Gatewood did not

demonstrate grounds for postconviction relief because he could not demonstrate but for counsel's alleged error, the outcome of the trial would have been different. In the alternative, the court also concluded that Gatewood's postconviction claim was barred by res judicata.

## No Substantive Grounds for Relief

{¶8} In his single assignment of error, Gatewood argues that the trial court abused its discretion in denying his petition for postconviction relief without conducting a hearing.

{¶9} To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. R.C. 2953.21(A)(1). The petitioner bears the initial burden of demonstrating, through the petition, the supporting affidavits, and the files and records of the case, "substantive grounds for relief." R.C. 2953.21(C). A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 58-59, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Conversely, the court must "proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show the petitioner is not entitled to relief." R.C. 2953.21(F).

{¶10} To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish

4

prejudice, the petitioner must demonstrate that but for counsel's deficient performance, there is a reasonable probability that the result of the trial would have been different. *See Strickland* at 687; *Bradley* at 141-142. The failure to make an adequate showing on either prong is fatal to an ineffective-assistance-of-counsel claim. *See Strickland* at 697; *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 24 (1st Dist.). Courts must refrain from second-guessing strategic decisions of trial counsel. *State v. Sallie*, 81 Ohio St.3d 673, 674, 693 N.E.2d 267 (1998). The United States Supreme Court has recognized that "there are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland* at 689. Therefore, the appellant must overcome a strong presumption that, under the circumstances, the challenged action is considered sound trial strategy, rather than conduct constituting ineffective assistance of counsel. *Sallie* at 674.

{¶11} Generally, the decision whether to try a case to a judge or a jury is a trial-strategy decision. *Daniels* at ¶ 25, citing *State v. Feltha*, 1st Dist. Hamilton No. C-160574, 2017-Ohio-8640, ¶ 7; *State v. Hanks*, 10th Dist. Franklin No. 99AP-1289, 2000 Ohio App. LEXIS 5025, 11-12 (Oct. 31, 2000) ("[T]he decision by appellant's trial counsel to have a jury trial on the weapon under disability charge constitutes trial strategy.") Gatewood, citing to *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), argues that because the decision of whether to waive a jury, or to invoke his right to a jury trial, is such a fundamental choice, his trial counsel was required to advise him of his options in that respect. Specifically, he argues that his counsel was required to advise him that he had the right to try his weapons charge to the bench. But *Nixon* only held that "the defendant * * * has the ultimate authority to determine whether to plead guilty, *waive* a jury, testify in his or her own behalf, or take an appeal." (Emphasis added.) (Citations omitted.) *Id.* at 187. Trial counsel did not waive Gatewood's right to a jury trial; instead, Gatewood exercised that right.

5

Contrary to Gatewood's argument, he does not have a constitutional right to have his case tried to the bench, and therefore, his counsel was not deficient for failing to advise him that he could try his case in that manner.

{¶12} Further, a decision was made by Gatewood and his counsel to try his weapons charge to the jury, and we may not second-guess former counsel's trial strategy. *Sallie* at 674. Gatewood, in his reply to the state's opposition to his petition, attached an email from his former trial counsel, arguing that the decision to try the case to the jury was not strategic. We note that this email was not properly authenticated, but regardless, that email does not show that Gatewood's decision to try his weapons charge to the jury was not trial strategy. Assuming the email came from Gatewood's trial counsel, he stated his rationale for pursuing a jury trial on the weapons charge. Simply because Gatewood's appellate counsel disagrees with trial counsel's strategic approach at trial does not mean it was not trial strategy.

{¶13} Gatewood also advances an argument that his trial counsel was unaware of the option to bifurcate the weapons charge and the felonious-assault charge by trying the latter to the jury and the former to the bench. He argues that trial counsel's advice to him was deficient based on counsel's lack of knowledge in this area. But we note that the email Gatewood submitted from trial counsel does not reveal any such lack of knowledge. Rather, the email merely offers an explanation for trying the weapons charge to the jury. It was defense counsel's perspective that Gatewood had not in fact admitted to a disabling offense in the 1999 juvenile court case, and his plan was to raise that issue to the jury. This resounds of strategy, not lack of knowledge.

{¶14} Based on the record before us, Gatewood has not demonstrated that his trial counsel's performance was constitutionally deficient. But even if it had been, Gatewood cannot demonstrate that he was prejudiced by his trial counsel's performance.

**{¶15}** Gatewood offers no evidence, other than his conclusion, that he was prejudiced by his counsel's failure to advise him that he could try his weapons charge to the bench. He cannot show, on this record, that the jury's knowledge of his prior adjudication was the basis for the jury finding him guilty of felonious assault and rejecting his claim of self-defense. The trial court instructed the jury that it could not consider Gatewood's prior adjudication for any purpose other than to show that he was under a disability and that the prior adjudication could not be used to prove his character or that he acted in conformity with that character. We presume that a jury follows a trial court's instructions. *State v. Bey*, 85 Ohio St.3d 487, 491, 709 N.E.2d 484 (1999). Given the instruction to the jury and the evidence of Gatewood's guilt in the trial record (he admitted going to the victim's home, confronting the victim, threatening the victim, and, when the victim became agitated, shooting the victim), Gatewood has not demonstrated prejudice. *See State v. Crockett*, 12th Dist. Fayette No. CA2014-08-018, 2015-Ohio-1765, ¶ 41 (trial counsel was not ineffective for failing to try the weapons charge separately given the evidence of guilt and the trial court's instruction that a prior conviction could not be used as proof of defendant's character).

**{¶16}** Because Gatewood did not demonstrate substantive grounds for relief, we overrule his single assignment of error, and affirm the common pleas court's judgment.

Judgment affirmed.

**WINKLER, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.